**Mareva GLENN, also known as Mareva James; Tana James; Cinda James, Plaintiffs–Appellants,**

v.

**CESSNA AIRCRAFT COMPANY, a corporation, Defendant– Appellee.**

**No. 93–2160.**

United States Court of Appeals, Tenth Circuit

Aug. 18, 1994.

---

Donna J. Platt (Paul Butt, of Butt, Thornton & Baehr, Albuquerque, NM, and James M. Llewellyn, Jr., of Thompson & Llewellyn, Fort Smith, AR, with her on the briefs), of Kenneth L. Tucker & Associates, Phoenix, AZ, for plaintiffs-appellants.

W.R. Logan (Nickay B. Manning, of Civerolo, Wolf, Gralow & Hill, P.A., Albuquerque, NM, with him on the brief), of Civerolo, Wolf, Gralow & Hill, P.A., Albuquerque, NM, for the defendant-appellee.

Before TACHA and BALDOCK, Circuit

Judges, and DAUGHERTY,* District Judge.

TACHA, Circuit Judge.

Plaintiff-appellants Mareva Glenn, Tana James Hall and Cinda James ("plaintiffs") appeal from a jury verdict in favor of defendant, the Cessna Aircraft Company, in a negligence and products liability action and from an order denying plaintiffs' motion for a new trial. Plaintiffs allege that the trial court erred in limiting the time for opening statement and closing argument, in several evidentiary rulings and in denying plaintiffs' motion for new trial on grounds that the jury verdict for defendant was against the weight of the evidence. We exercise jurisdiction under 28 U.S.C. § 1291 and affirm.

## I. Limitation on Argument

■ Plaintiffs assert that the trial court's ten minute limitation for opening statement and twenty-two minute limitation for closing argument effectively deprived them of a fair trial. Generally, matters relating to the conduct of the trial, such as the time allotted for opening statement and closing argument, are reserved to the broad discretion of the trial judge. *See Cleveland v. Piper Aircraft Corp.*, 985 F.2d 1438, 1449 (10th Cir.), *cert. denied*, — U.S. —, 114 S.Ct. 291, 126 L.Ed.2d 240 (1993). However, this case presents an initial question as to whether plaintiffs sufficiently preserved the issue for appeal.

■ Although no objection to the court's limitations on opening statement and closing argument appear in the record, plaintiffs assert that they raised a sufficient objection with the trial judge's law clerk. Plaintiffs allege that an objection to the limitations was pursued with the law clerk pursuant to the court's instructions and that the clerk reported that the judge denied plaintiffs' request for additional time. Reliance upon a law

clerk to resolve such matters, generally, is improper. *See Dixon v. City of Lawton*, 898 F.2d 1443, 1447 (10th Cir.1990). We note also that, even if we found counsel's conversation with the law clerk to qualify as an "objection" to the limits on opening statement and closing argument, it still would not have served as a sufficient contemporaneous objection. *See McEwen v. City of Norman*, 926 F.2d 1539, 1544 (10th Cir.1991) (rejecting position that where an objection is made known to the court in a motion in limine and the judge's denial is "explicit and definitive," no further continuing objection is necessary). Just prior to trial the following exchange between the court and plaintiffs' counsel, Mr. Llewellyn and Mr. Butt, took place:

> The Court: Have you been told that you have ten minutes for opening argument? [1]
>
> Mr. Llewellyn: Yes, Sir.
>
> The Court: Just tell us what you plan to prove, nothing else.
>
> Mr. Butt: Yes, Sir. I mentioned it to him once or twice.
>
> Mr. Llewellyn: Mr. Butt has mentioned it to me.

The preceding exchange makes clear that plaintiffs had ample opportunity before the court to state any objection to the time allotted for opening statement.

■ Because we find no contemporaneous objection to the trial court's allotted time for opening statement and closing argument in the record, we review the limitations for plain error. *See id.* at 1545. "The 'plain error' exception in civil cases has been limited to errors which seriously affect 'the fairness, integrity or public reputation of judicial proceedings.'" *Id.* (citations omitted); *see also Gundy v. United States*, 728 F.2d 484, 488 (10th Cir.1984) ("Plaintiff's failure to raise the issue with the trial court precludes any review except for the most manifest error.").

---

* The Honorable Frederick A. Daugherty, Senior District Judge, United States District Court for the Western District of Oklahoma, sitting by designation.

1. Although the court asks about the time for opening "argument," it is clear from the court's subsequent statements that the court is referring to the time for opening *statements*.

A review of the record reveals that plaintiffs had ample opportunity to present evidence, to cross-examine witnesses and to provide a substantial summary of their case in argument. Reviewing the trial court's allotment of ten minutes for opening statement and twenty-two minutes for closing argument, we find that it did not result in "manifest error" or in error which affected "the fairness, integrity or public reputation of judicial proceedings."

■ Plaintiffs further allege that the clerk indicated that the judge's position on opening statement and closing argument was final and that plaintiffs therefore believed any further attempts to raise the issue would be futile. Plaintiffs also assert that the court's "Preparation For Trial Checklist" indicates that the trial court adheres to a limitation of ten minutes for opening statements regardless of the length and complexity of the case. The record indicates to the contrary. The "Preparation For Trial Checklist" states: *"Unless the case is unusually complex,* you are limited to ten (10) minutes [for opening statements]." (emphasis added). Thus, the court recognized in its checklist exceptions to the ten minute limit. Based on the information provided in the checklist and based on the exchange prior to trial between the court and plaintiffs' counsel concerning time limits for opening statement, we find no reason to credit plaintiffs' argument that an attempt to present an objection to the court would have been futile. *See Chevron, U.S.A., Inc. v. Hand,* 763 F.2d 1184, 1187 (10th Cir.1985).

## II. Evidentiary Rulings

■ Plaintiffs present several district court evidentiary rulings for review. First, plaintiffs assert that the trial court erred in admitting the testimony of defendant's expert Jack Eggspuehler. No objection was made to Mr. Eggspuehler's testimony at trial, nor did plaintiffs raise this issue in their motion for a new trial. "[This court] will not review matters raised for the first time on appeal." *Gundy,* 728 F.2d at 488; *see Cleveland v. Piper Aircraft Corp.,* 890 F.2d 1540,

1551 (10th Cir.1989). Plaintiffs' failure to raise this issue before the district court precludes our consideration of it here.

■ Second, plaintiffs assert that the trial court erred in refusing to admit evidence of the pilot, Pete Pasco's death. Plaintiffs argue that defense counsel's remark in his opening statement that "You will never hear the testimony of Mr. Pete Pascoe [sic]" was "highly prejudicial to the plaintiffs" absent the allowance of plaintiffs' evidence that the reason he would not appear was his death in the crash and not that he did not support plaintiffs' action. Plaintiffs, however, apparently do not challenge the judge's ruling that any mention of Mr. Pasco's death would be unduly prejudicial in the liability phase of the trial. As a result, we interpret plaintiffs' claim here as an objection to the allowance of defense counsel's remark in the first place.

Plaintiffs made no objection to this remark at trial, nor did they request a limiting instruction from the court. "[C]ounsel ... cannot as a rule remain silent, interpose no objections, and after a verdict has been returned seize for the first time on the point that the comments to the jury were improper and prejudicial." *United States v. Socony–Vacuum Oil Co.,* 310 U.S. 150, 238–39, 60 S.Ct. 811, 851, 84 L.Ed. 1129 (1940). A party who waits until the jury returns an unfavorable verdict to complain about improper comments during opening statement and closing argument is bound by that risky decision and should not be granted relief. *See Gonzalez v. Volvo of Am. Corp.,* 752 F.2d 295, 298 (7th Cir.1985) (improper comments made during closing argument). While some fundamental errors "may mandate new trials despite the lack of contemporaneous objection", *id.,* we decline to find such a fundamental error here.

■ Third, the plaintiffs appeal the trial court's admission into evidence of certain engineering drawings which plaintiffs assert defendant did not produce until immediately prior to trial. Plaintiffs argue that without the drawings they were unable to verify the

accuracy of the defendant's in-court model of the airplane's fuel system. Once again, we find no objection in the record at the time the drawings were admitted into evidence. Finding no contemporaneous objections to the engineering drawings in the record, we review for plain error. *McEwen,* 926 F.2d at 1545. Considering that virtually all of the drawings were produced substantially prior to trial and only one was produced at the latest one week prior to trial, the admission of the engineering drawings does not meet the stringent plain error standard. Additionally, we note that plaintiffs had a full opportunity to engage in cross-examination concerning these drawings and the fuel system model to alert the jury to any inaccuracies.

■ Finally, plaintiffs appeal the trial court's admission of the defendant's model of the airplane's fuel system and evidence of the tests performed on the model prior to trial. Although plaintiffs made no objection at the time the model was introduced at trial, they did present an objection to the court at a pretrial hearing. Evidentiary rulings made over contemporaneous objections will be upheld on appeal unless they constitute an abuse of discretion. *McEwen,* 926 F.2d at 1544. We find nothing in the record to indicate that the model was flawed so as to present any serious problems. Considering this fact and considering that the model was presented for demonstrative purposes, we find the district court did not abuse its discretion in admitting the model. Finding no contemporaneous objection to the admission of the model tests, we review their admission for plain error. The admission of the model tests does not meet the stringent plain error standard.

### III. Motion for a New Trial

■ Plaintiffs argue that we should reverse the trial court's denial of their motion for new trial. They argue that the trial court's ruling was error because the jury verdict for defendant is against the weight of the evidence and that we should remand for a new trial. Generally we review a trial

court's denial of a motion for new trial only for an abuse of discretion. *See Brown v. McGraw–Edison Co.,* 736 F.2d 609, 616 (10th Cir.1984) (verdict must be clearly, decidedly, or overwhelmingly against the weight of evidence).

In this case, witnesses at trial testified that they saw no fuel in the right fuel tank and flight testing by defendant's expert supported defendant's theory of pilot error. Considering the record as a whole, plaintiffs have failed to meet their burden of establishing that the district court abused its discretion in denying plaintiffs motion for a new trial.

**AFFIRMED.**