57 F.3d 1080
NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Willie C. LYNCH, Plaintiff-Appellant,
v.
Marvin T. RUNYON, Postmaster General of the United States
Postal Service, Defendant-Appellee,
and UNITED STATES POST OFFICE, Defendant.
 No. 93-6329.
(D.C. No. CIV-92-1113-A)
 United States Court of Appeals, Tenth Circuit.
 June 7, 1995.
 
 1
 Before EBEL and BARRETT, Circuit Judges, and KANE,** District Judge.
 
 ORDER AND JUDGMENT[1]
 
 2
 After examining the briefs and appellate record, this panel has determined unanimously to grant the parties' request for a decision on the briefs without oral argument. See Fed. R.App. P. 34(f) and 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 3
 Plaintiff appeals the entry of judgment against him following a jury trial on his charge that he was fired from his job because of his race. We find no merit in any of plaintiff's contentions on appeal, and we, therefore, affirm.
 
 
 4
 Plaintiff was an employee of the United States Postal Service. In 1991, plaintiff was notified of his employer's intention to remove him from his duties as the Postmaster at El Reno, Oklahoma. Among the reasons given for this proposed action was plaintiff's sexual harassment of three female postal employees. Plaintiff denied the charges of sexual harassment and eventually submitted his resignation after he was reassigned to a nonsupervisory position at the Yukon Post Office.
 
 
 5
 Plaintiff brought suit in the United States District Court for the Western District of Oklahoma, alleging violation of his rights under Title VII of the Civil Rights Act of 1964, 42 U.S.C.2000e-2000e-17, and the Civil Rights Act of 1991, 42 U.S.C.1981-1981a. The jury reached a verdict in favor of defendants.
 
 
 6
 On appeal, plaintiff argues that the district court erred (1) by denying his motion in limine to exclude evidence of prior allegations of sexual harassment; (2) by denying his motion in limine to exclude post-discharge allegations of sexual harassment; and (3) by allowing the jury to consider allegations of sexual harassment made against him even though his acts did not constitute sexual harassment as a matter of law.
 
 
 7
 We review the district court's rulings on the admissibility of evidence for abuse of discretion. Durtsche v. American Colloid Co., 958 F.2d 1007, 1011 (10th Cir.1992); Messina v. Kroblin Transp. Sys., Inc., 903 F.2d 1306, 1310 (10th Cir.1990)(limiting scope of evidence).
 
 
 8
 Plaintiff argues that the admission of evidence of past allegations of sexual harassment runs afoul of Rule 404(b) of the Federal Rules of Evidence. However, while Rule 404(b) bars the use of evidence of prior bad acts to establish that a person has a bad character and probably has "acted in conformity therewith," see Fed.R.Evid. 404(b), it further provides that such evidence is admissible to prove motive or intent. We agree with defendant that the evidence was admissible to show plaintiff's intent to intimidate female employees into foregoing legal remedies because he had already escaped legal consequences under similar circumstances.
 
 
 9
 We cannot review whether this evidence was in fact limited to its proper purpose due to the truncated record presented on appeal.[2] Plaintiff, however, does not claim he requested a jury instruction to limit the use of the evidence. Therefore, plaintiff has waived his objection to its use at trial. See Continental Trend Resources, Inc. v. OXY USA Inc., 44 F.3d 1465, 1477 n. 16 (10th Cir.1995), petition for cert. filed, 63 U.S.L.W. 3819 (U.S. May 8, 1995) (No. 94-1838).
 
 
 10
 Turning to the evidence of plaintiff's post-discharge conduct, we agree with defendant that this evidence was not offered as an after-the-fact reason to justify plaintiff's demotion. Plaintiff had testified that he was not a sexual harasser. App. 87-98. Defendant offered the evidence solely to rebut this testimony, see Supp.App. at 5-8 (Defendant's Motion to Add Additional Witness for Purposes of Rebuttal Only and Brief in Support), and the court allowed the evidence specifically for that purpose, id. at 35-36. Where used as fair rebuttal, therefore, the evidence of post-discharge conduct was admissible. See Mantolete v. Bolger, 767 F.2d 1416, 1424 (9th Cir.1985).
 
 
 11
 Finally, plaintiff argues that it was error to allow the jury to consider allegations of sexual harassment made against him because his conduct did not constitute sexual harassment as a matter of law. Plaintiff admits that he did not make this argument to the district court. Absent plain error, this failure precludes plaintiff from challenging the verdict on this ground. Cleveland ex rel. Cleveland v. Piper Aircraft Corp., 890 F.2d 1540, 1551 (10th Cir.1989).
 
 
 12
 Plaintiff argues that we are free to examine this issue despite his procedural default because the plain error exception applies here and our "failure to review would result in a manifest miscarriage of justice." Appellant's Br. at 15. We disagree.
 
 
 13
 "The plain error exception in civil cases has been limited to errors which seriously affect the fairness, integrity or public reputation of judicial proceedings." Glenn v. Cessna Aircraft Co., 32 F.3d 1462, 1464 (10th Cir.1994)(internal quotations and citations omitted). As the plaintiff in this Title VII case, Mr. Lynch was required to prove that he was the victim of intentional race discrimination. See EEOC v. Flasher Co., 986 F.2d 1312, 1317 (10th Cir.1992). Plaintiff has failed to advance any evidence that his firing was the result of impermissible race discrimination. We, therefore, decline to address his argument regarding the evidence of sexual harassment because the district court's treatment of that evidence could not rise to the level of plain error.
 
 
 14
 The judgment of the United States District Court for the Western District of Oklahoma is AFFIRMED.
 
 
 
 **
 Honorable John L. Kane, Jr., Senior District Judge, United States District Court for the District of Colorado, sitting by designation
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470
 
 
 [2]
 We note that, other analysis aside, counsel's failure to designate the relevant record requires this court to hold plaintiff did not meet his burden of proving the district court's admission of this evidence was an abuse of discretion. See McEwen v. City of Norman, 926 F.2d 1539, 1550 (10th Cir.1991)