107 F.3d 3
 NOTICE: THIS SUMMARY ORDER MAY NOT BE CITED AS PRECEDENTIAL AUTHORITY, BUT MAY BE CALLED TO THE ATTENTION OF THE COURT IN A SUBSEQUENT STAGE OF THIS CASE, IN A RELATED CASE, OR IN ANY CASE FOR PURPOSES OF COLLATERAL ESTOPPEL OR RES JUDICATA. SEE SECOND CIRCUIT RULE 0.23.
Carmen LIPPA, Plaintiff-Appellant,
v.
GENERAL MOTORS CORPORATION, A.C. Rochester Products, a/k/a
AC Delco Systems, Division of General Motors Corp., and
Steven Medwid, Individually and as General Supervisor of
Fabrication, A.C. Rochester Products, Division of General
Motors Corp., Defendants-Appellees.
 Nos. 96-7636, 96-7637.
 United States Court of Appeals, Second Circuit.
 Feb. 12, 1997.
 
 Appearing for Appellant: Emmelyn Logan-Baldwin, Rochester, New York.
 Appearing for Appellees: Paul J. Yesawich, III, Harris, Beach & Wilcox, LLP, Rochester, New York.
 Before CARDAMONE, WINTER, and CABRANES, Circuit Judges.
 
 
 1
 This cause came to be heard on the transcript of record from the United States District Court for the Western District of New York and was argued.
 
 
 2
 ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the judgment of the District Court is hereby affirmed.
 
 
 3
 Carmen Lippa appeals from Judge Telesca's dismissal of her Title VII claims and an adverse jury verdict on her Equal Pay Act claims. Lippa essentially contended that General Motors discriminated against her by denying her equal pay for equal work and by retaliating in response to her formal complaint. Lippa appeals on four grounds: (i) the district court improperly dismissed her state law claims, (ii) the court made numerous procedural errors in handling the Equal Pay Act claim, (iii) the court erred when it denied her summary judgment on her Equal Pay Act claim, and (iv) the court erred in ruling on the Title VII claims.
 
 
 4
 Judge Telesca was within his discretion in declining to exercise supplemental jurisdiction over Lippa's New York state law claims. "It has consistently been recognized that pendent jurisdiction is a doctrine of discretion, not of plaintiff's right." United Mine Workers of America v. Gibbs, 383 U.S. 715, 726 (1966). A court may decline to hear pendent claims if "state-law issues substantially predominate, or where divergent legal theories of relief would likely confuse the jury." Miller v. Lovett, 879 F.2d 1066, 1071-72 (2d Cir.1989) (citations omitted). The district court declined to entertain the state claims because it believed that the different standards of relief and requisite types of proof would result in the state claims dominating the trial and would confuse the jury. We perceive no abuse of discretion in that ruling.
 
 
 5
 Lippa further contends that Judge Telesca erred when he (i) limited consideration of the equal pay claims to certain years, (ii) admitted a bar chart, (iii) misinformed the jury, (iv) gave the jury improper instructions, (v) prevented the jury from taking notes, and (vi) limited her counsel's summation time. None of these claims has merit.
 
 
 6
 The manner in which a trial judge conducts a trial is reviewed under an abuse of discretion standard. United States v. Carson, 52 F.3d 1173, 1188 (2d Cir.1995), cert. denied, 116 S.Ct. 934 (1996). An abuse of discretion occurs only "when the action taken was improvident and affected the substantial rights of the parties." Goetz v. Crosson, 41 F.3d 800, 805 (2d Cir.1994), cert. denied, 116 S.Ct. 80 (1995) (quoting In re Surety Ass'n of America, 388 F.2d 412, 414 (2d Cir.1967)) (internal quotation marks omitted).
 
 
 7
 Trial judges have an affirmative duty to "exercise reasonable control over the mode and order of interrogating witnesses and presenting evidence so as to (1) make the interrogation and presentation effective for the ascertainment of the truth, (2) avoid needless consumption of time, and (3) protect witnesses from harassment or undue embarrassment." Fed.R.Evid. 611(a). Trial courts' decisions to control their courtrooms should generally be given deference.
 
 
 8
 Judge Telesca's limiting the jury's consideration of the equal pay claims to the years 1986-88 was not error, because the evidence proffered at trial focused on those years. The evidentiary foundation for admission of the bar chart was sufficient, and it was not an abuse of discretion to admit it. The claim that the judge "misinformed" the jury is unfounded. The plaintiff's argument is basically twofold: the judge initially told the prospective jurors that the case was about equal pay for equal work without mentioning the retaliation claim and the judge initially told the jurors that the trial would only last three days, and it ended up lasting six. These statements were obviously harmless error, if error at all.
 
 
 9
 Lippa failed to preserve any objection to the challenged jury instruction when her counsel failed to object. Fed.R.Civ.P. 51; see also Caruso v. Forslund, 47 F.3d 27, 30-31 (2d Cir.1995). We see no error sufficient to justify reversal in those circumstances.
 
 
 10
 It was within the trial court's discretion whether or not to allow jurors to take notes. See United States v. Bertolotti, 529 F.2d 149, 159 (2d Cir.1975). Judge Telesca was clearly justified in limiting counsel's summation; even so limited, she received significantly more time than defense counsel. See, e.g., Glenn v. Cessna Aircraft Co., 32 F.3d 1462, 1464-65 (10th Cir.1994); Lee v. Rapid City Area Sch. Dist. No. 51-4, 981 F.2d 316, 319, 332 (8th Cir.1992).
 
 
 11
 In sum, all of the claimed procedural errors as to the trial court's handling of the Equal Pay Act claims fell within the judge's discretion and/or were harmless error.
 
 
 12
 Lippa's third contention, that Judge Telesca should have granted her summary judgment on the equal pay claims because the jury verdict is against the weight of the evidence, is also meritless. "The weight of the evidence is a matter for argument to the jury, not a ground for reversal on appeal." Schwartz v. Capital Liquidators, Inc., 984 F.2d 53, 54 (2d Cir.1993). Rather, we have held that "[a]n appellate court should sustain the jury's verdict unless the evidence, viewed most favorably to the party for whom the jury found, is incompatible with the verdict." Tingley Sys., Inc. v. Norse Sys., Inc., 49 F.3d 93, 97 (2d Cir.1995); see also ARP Films, Inc. v. Marvel Entertainment Group, Inc., 952 F.2d 643, 651 (2d Cir.1991); Martin v. Citibank, N.A., 762 F.2d 212, 217 (2d Cir.1985). In the instant case, appellee offered a great deal of evidence in support of its position, and the jury found in its favor. A rational factfinder, viewing the evidence in the light most favorable to the appellee, could easily have found against Lippa.
 
 
 13
 Finally, appellant contends that the district court erred in "deciding the Title VII claims from affidavits and in denying injunctive relief." This argument, too, is without merit. We have held that trial court judges, as finders of fact in equitable claims under Title VII, are collaterally estopped from making factual findings contrary to those determined by juries in a New York Executive Law § 296 claim, Song v. Ives Lab., Inc., 957 F.2d 1041, 1048 (2d Cir.1992), a Section 1983 claim, Sorlucco v. New York City Police Dep't, 971 F.2d 864, 874 (2d Cir.1992), and a Section 1981 claim. Wade v. Orange County Sheriff's Office, 844 F.2d 951, 954 (2d Cir.1988). The instant case, involving an Equal Pay Act claim, is clearly analogous--Judge Telesca could not, therefore, make a factual finding that differed from that of the jury.
 
 
 14
 The final issue concerns the evidentiary submissions on the Title VII claim. Judge Telesca held that these submissions were in accord with an agreement that appellant's counsel entered into. We agree. In any event, Judge Telesca had presided over the trial and heard all the evidence presented and was not unjustified in asking for affidavits regarding Ms. Lippa's additional "post-verdict retaliation" charges.
 
 
 15
 We therefore affirm.