**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**SEP 6 2001**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

VENT JEFFRIES,

      Plaintiff-Appellant,

v.

TULSA COUNTY BOARD OF
COUNTY COMMISSIONERS,

      Defendant-Appellee.

No. 00-5216
(D.C. No. 99-CV-539-M)
(N.D. Okla.)

---

**ORDER AND JUDGMENT** *

---

Before **HENRY** , **PORFILIO** , and **MURPHY** , Circuit Judges.

      After examining the briefs and appellate record, this panel has determined unanimously to grant the parties' request for a decision on the briefs without oral argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

---

*     This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Plaintiff-appellant Vent Jeffries appeals from a jury verdict rendered in favor of defendant Board of County Commissioners of Tulsa County (Board) on his suit alleging racial discrimination in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e to -17, and violation of the Americans with Disabilities Act of 1990, 42 U.S.C. §§ 12101-12213. Mr. Jeffries challenges the district court's refusal to allow him to amend his complaint at trial, asserts unfair prejudice by improper remarks made during the Board's closing argument, and alleges reversible error in the court's response to a question submitted by the jury. Our jurisdiction arises under 28 U.S.C. § 1291, and we affirm.

Mr. Jeffries was employed as a Tulsa county deputy from 1988 until his termination in November 1997. Mr. Jeffries alleged that he suffered racial discrimination during his tenure as a deputy and that the sheriff's department also failed to accommodate his disability resulting from emphysema. The Board denied that county employees discriminated against Mr. Jeffries and alleged that he was terminated because he did not report to work. The case went to trial. After presentation of the case-in-chief, counsel for Mr. Jeffries stated that testimony elicited from a county employee about the timing of the sheriff's receipt of Mr. Jeffries' EEOC complaint suggested that Mr. Jeffries had also been terminated in reprisal for having filed his EEOC complaint. Counsel requested

-2-

that the pleadings be amended to conform to that proof pursuant to Fed. R. Civ. P. 15(b), which reads as follows:

> When issues not raised by the pleadings are tried by express or implied consent of the parties, they shall be treated in all respects as if they had been raised in the pleadings. Such amendment of the pleadings as may be necessary to cause them to conform to the evidence and to raise these issues may be made upon motion of any party at any time, even after judgment; but failure so to amend does not affect the result of the trial of these issues. If evidence is objected to at the trial on the ground that it is not within the issues made by the pleadings, the court may allow the pleadings to be amended and shall do so freely when the presentation of the merits of the action will be subserved thereby and the objecting party fails to satisfy the court that the admission of such evidence would prejudice the party in maintaining the party's action or defense upon the merits. The court may grant a continuance to enable the objecting party to meet such evidence.

The Board objected, arguing that (1) the reprisal claim was barred by the statute of limitations; (2) the claim was barred for failure to exhaust administrative remedies; (3) Mr. Jeffries had been aware from the inception of suit of the proximity in time between his filing of the EEOC claim and his termination; and (4) because there was insufficient time to prepare a defense, the Board would be unfairly prejudiced by having to address such a claim at trial. Appellant's App. at 348-49.

The district court denied the motion to amend, finding that Mr. Jeffries had been given ample opportunity to discover and bring the retaliation claim both before entry of the pretrial order and before trial, and that the claim was likely

barred by the statute of limitations. *Id.* at 349-50. On appeal, the Board additionally argues that Mr. Jeffries failed to introduce issues or evidence not already relevant to his discrimination and ADA claims, and therefore, its failure to object to the testimony regarding the timing of the receipt of the EEOC complaint should not be deemed as consent to try the issue of retaliation. Appellee's Br. at 3-4.

We review the denial of the motion to amend for an abuse of discretion. *Koch v. Koch Indus., Inc.*, 203 F. 3d 1202, 1216 (10th Cir.), *cert. denied*, 531 U.S. 926 and 121 S. Ct. 302 (2000). In *Koch*, we noted that Rule 15(b) does not apply when evidence raised at trial is relevant to other issues already being tried. *Id.* at 1217. Therefore, our first inquiry is whether evidence of the receipt of the EEOC complaint was relevant to the issues of discrimination and/or ADA claims. We conclude that it was. Mr. Jeffries was on sick leave for almost three months in 1997. Although there was evidence that the sheriff's department had previously placed him in several appropriate light-duty positions after learning of his disability in 1995, Mr. Jeffries claimed that he was not properly accommodated in August 1997 when he returned to work after the sheriff received the EEOC complaint. He claimed that, before the sheriff received the complaint, he was scheduled to report to a light-duty clerical job at the city jail. Instead, on the night he returned to work, he was assigned to the county jail, where he was

-4-

exposed to, and injured by, residual pepper spray. Other testimony indicated that Mr. Jeffries was temporarily assigned to a light-duty job at the county jail in response to an emergency need for personnel. *See* Appellant's. App. at 127-28. If the jury had believed Mr. Jeffries' version of the events, it could have inferred that the sheriff intentionally failed to place Mr. Jeffries in an appropriate working environment, thereby refusing to reasonably accommodate his disability. Receipt of the complaint was therefore relevant to Mr. Jeffries' ADA claim, and pursuant to *Koch,* Rule 15(b) is not applicable as a basis for amendment of the pretrial order. *See* 203 F.3d at 1217.

We must next determine whether there is any other basis for holding that the district court abused its discretion in refusing to allow amendment of the pre-trial order. "The order following a final pretrial conference shall be modified only to prevent manifest injustice." Fed. R. Civ. P. 16(e). It is a general rule that issues not raised in the pretrial order    should not be allowed to be raised at trial "'if the evidence or issue was within the knowledge of the party seeking modification [of the pretrial order] at the time of the [pretrial conference].'" *Koch*, 203 F.3d at 1217 (quoting 6A Charles A. Wright & Arthur R. Miller, FEDERAL PRACTICE & PROCEDURE § 1527, at 278-89 (1990))   .

We conclude that the underlying facts and issue of retaliatory discharge were within Mr. Jeffries' knowledge at the time of the pretrial conference and that

he cannot establish manifest injustice. The district court did not abuse its discretion in refusing to allow Mr. Jeffries to amend the pretrial order at trial.

We next address Mr. Jeffries' claim that the Board's closing argument unfairly prejudiced the jury. We note, however, that Mr. Jeffries did not contemporaneously object to the comments or request a corrective instruction. By failing to object, Mr. Jeffries waived any argument he may have had concerning the statements made by the Board's counsel. *See Glenn v. Cessna Aircraft Co.*, 32 F.3d 1462, 1465 (10th Cir. 1994) ("A party who waits until the jury returns an unfavorable verdict to complain about improper comments during . . . closing argument is bound by that risky decision and should not be granted relief.").

We also reject Mr. Jeffries' confusing contention that the district court improperly responded to a jury question. During deliberations, the jury apparently [1] asked the court whether it had an option to recommend reinstatement of Mr. Jeffries' job with the sheriff's office. *See* Appellant's App. at 394-95. After conducting research indicating that reinstatement is a matter left to the court's discretion and is not a jury question, *see, e.g., Bingman v. Natkin & Co.*, 937 F.2d 553, 558 (10th Cir. 1991) (stating that an "award of equitable relief by

---

[1] Mr. Jeffries failed to include or cite to that portion of the record containing the specific jury question. *See* 10th Cir. R. 10.1(A)(1); 10th Cir. R. 10.3(B), (D)(1).

-6-

way of reinstatement rests in the discretion of the trial court       "), the district court instructed the jury that it was not an option.  Mr. Jeffries claims, without explanation or citation to legal authority on point, that if the court had responded that reinstatement was one of the jury's options, "the results could have been different." Appellant's Br. at 15.  We disagree.  The jury specifically found that Mr. Jeffries had not proved either race discrimination or violation of the ADA.  Mr. Jeffries was therefore not entitled to any type of remedy, including the equitable remedy of reinstatement.  The result could not have been different even if the jury had been told it could recommend reinstatement.

The judgment of the United States District Court for the Northern District of Oklahoma is AFFIRMED.

Entered for the Court

John C. Porfilio
Circuit Judge

-7-