**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**July 23, 2007**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,
ex rel. GILBERT TRUJILLO;
CHAD KILLIAN; ROBERT L.
JOSEPH; ALFONSO TRUJILLO;
SAMULE L. BEENE, as individuals,

      Plaintiffs-Appellants,

v.

GROUP 4 FALCK, a foreign
corporation and the Successor of The
Wackenhut Corporation, a Florida
corporation; JOHN CONNELL; JEFF
GRUENDELL; DENNIS MURRAY;
RICHARD SMITH, as individuals,

      Defendants-Appellees.

No. 06-4305
(D.C. No. 2:02-CV-162-TC)
(D. Utah)

---

**ORDER AND JUDGMENT**[*]

---

Before **TACHA**, Chief Judge, **MURPHY** and **HOLMES**, Circuit Judges.

---

[*]     After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

Plaintiffs Gilbert Trujillo, Chad Killian, Robert L. Joseph, Alfonso Trujillo, and Samuel L. Beene appeal from the district court's orders denying their motions for partial summary judgment, granting defendant Wackenhut Corporation's[1] motion to dismiss their Racketeering Influenced and Corrupt Organizations (RICO) claims, granting Wackenhut's motion to dismiss Gilbert Trujillo's employment discrimination claims for failure to allege exhaustion of administrative remedies, granting Wackenhut's motion for summary judgment on Joseph, Beene, and Alfonso Trujillo's employment discrimination claims, and denying plaintiffs' motion to alter or amend the judgment. We exercise jurisdiction pursuant to 28 U.S.C. § 1291 and affirm.

Background

The plaintiffs were all transit security officers working in the Utah Transit Authority (UTA) public transit system. They were employed by Wackenhut, who contracted with UTA to provide security services. The parties are familiar with the plaintiffs' factual allegations and no further discussion of them is necessary. We will, however, briefly discuss the somewhat complicated procedural background of this case.

---

[1] Defendant-Appellee Group 4 Falck is the successor to Wackenhut Corporation. During the district court proceedings, however, the district court used the name Wackenhut to refer to this defendant. Because of this, we will use Wackenhut's name in this decision. Wackenhut is also used to collectively cover the corporate defendant and its employees: John Connell, Jeff Gruendell, Dennis Murray, and Richard Smith.

-2-

The plaintiffs' initial complaint was filed against Wackenhut, UTA, and six individual defendants: John Connell, David Lamph, John Wittmaak, Jeff Gruendell, Dennis Murray, and Richard Smith. Before defendants answered the original complaint, plaintiffs filed a First Amended Complaint alleging six causes of action: 1) Employment Discrimination; 2) False Claim/Whistle Blowing/En Qui Tam; 3) Conspiracy to Obstruct Justice; 4) State Whistle-Blowing Claims; 5) Intentional Infliction of Emotional Distress; and 6) RICO.

In January 2004, the district court granted UTA and Lamph's motion for summary judgment on all claims. Plaintiffs have not appealed from that decision. In that same January 2004 order, the district court denied plaintiffs' motions for partial summary judgment. The plaintiffs have appealed from this decision. The district court also granted Wackenhut's motion to dismiss four of the six causes of action: a) False Claim/En Qui Tam; b) Conspiracy to Obstruct Justice; c) Intentional Infliction of Emotional Distress; and d) RICO. The plaintiffs have only appealed the dismissal of their RICO claim.

Plaintiffs then sought leave to file a Second Amended Complaint, which restated their employment discrimination claims, eliminated their state whistle blowing claim, added another claim under RICO, and eliminated UTA and Lamph as defendants. In May 2004, the court denied plaintiffs' request to add another RICO claim, but granted the motion in all other respects. Plaintiffs then filed a Third Amended Complaint that complied with the district court's order.

In July 2004, the remaining defendants filed a motion to dismiss the employment discrimination claims of Gilbert Trujillo and Killian for failing to allege exhaustion of administrative remedies. The district court granted the motion. On appeal, plaintiffs seek only to challenge the dismissal of Gilbert Trujillo's employment discrimination claims.

In November 2005, defendants moved for summary judgment on the remaining employment discrimination claims for Beene, Joseph and Alfonso Trujillo. The district court granted the motion in an order entered in October 2006. Plaintiffs seek review of this decision. The district court's order resolved all remaining claims against all of the remaining parties and final judgment was entered. Plaintiffs then filed a motion to alter or amend the judgment, which was denied. Plaintiffs challenge this denial on appeal.

## Discussion

We review de novo the district court's decisions denying plaintiffs' motions for partial summary judgment, granting Wackenhut's motion to dismiss the RICO claim, and granting Wackenhut's motion for summary judgment. *Simms v. Okla. ex. rel. Dep't of Mental Health & Substance Abuse Servs.*, 165 F.3d 1321, 1326 (10th Cir. 1999); *Sutton v. Utah State Sch. for Deaf & Blind*, 173 F.3d 1226, 1236 (10th Cir. 1999). We review for abuse of discretion the district court's denial of plaintiffs' motion to alter or amend the judgment. *Brown v. Presbyterian Healthcare Servs.*, 101 F.3d 1324, 1331 (10th Cir. 1996).

-4-

We have reviewed the parties' briefs, the district court's orders, the record, and the relevant legal authority. We conclude that the district court correctly resolved the bulk of the claims in this case and that no further discussion of those claims is necessary. Accordingly, with respect to the district court's decisions denying plaintiffs' motions for partial summary judgment, granting Wackenhut's motion to dismiss the RICO claim, granting Wackenhut's motion for summary judgment on the employment discrimination claims, and denying plaintiffs' motion to alter or amend the judgment, we affirm the district court for substantially the same reasons stated in its January 30, 2004 order, its October 18, 2006 order, and its November 8, 2006 order.

We are left with the district court's dismissal of Gilbert Trujillo's employment discrimination claims. Normally, we would review such a claim de novo. In this case, however, plaintiffs did not file a response to Wackenhut's motion to dismiss or object to the dismissal at any point during the district court proceedings. Because of this, we review the district court's decision for plain error. *See Royal Maccabees Life Ins. Co. v. Choren*, 393 F.3d 1175, 1181 (10th Cir. 2005); *Hidalgo v. Fagen*, 206 F.3d 1013, 1020 (10th Cir. 2000); *Glenn v. Cessna Aircraft Co.*, 32 F.3d 1462, 1464 (10th Cir. 1994). In civil cases, "we will reverse only if the error is one that seriously affects the fairness, integrity or public reputation of judicial proceedings." *Hidalgo*, 206 F.3d at 1020 (quotation omitted). "Plain error review presents an extraordinary, nearly insurmountable

burden." *Royal Maccabees*, 393 F.3d at 1181 (quotation omitted). Plaintiffs must show: "(1) an error, (2) that is plain or obvious under existing law, and (3) that affects substantial rights." *Id.*

In Wackenhut's motion to dismiss, it asserted that Gilbert Trujillo had failed to allege in the Third Amended Complaint that he had exhausted his administrative remedies. Plaintiffs argue on appeal that the record reveals that an earlier filing in the case by one of the UTA defendants had an attachment that included copies of Mr. Trujillo's charge of discrimination and right to sue letter from the EEOC. Because of this, they contend that Wackenhut's motion was filed without merit and that the district court erroneously relied on Wackenhut's misrepresentation "when the record before the court should have informed it otherwise." Aplt. Br. at 36.

When reviewing a Fed. R. Civ. P. 12(b)(6) motion to dismiss, the district court's role is to consider the well-pleaded allegations in the complaint, *see, e.g.,* *Benefield v. McDowall*, 241 F.3d 1267, 1270 (10th Cir. 2001), unless one of the parties attaches additional materials to the motion or the response, *see Prager v. LaFaver*, 180 F.3d 1185, 1188-1189 (10th Cir. 1999). Depending on the nature of the materials, the court may consider them in resolving the motion to dismiss or may convert the motion to dismiss into a motion for summary judgment. *See id.*; Fed. R. Civ. P. 12(b). In this case, Wackenhut did not attach any additional materials to its motion to dismiss; it simply argued that the allegations in the

complaint were insufficient. Plaintiffs did not respond to the motion. The district court concluded, based on the pleadings before it, that Wackenhut's motion had merit and should be granted. The proceedings in the district court continued for over two years after Gilbert Trujillo's dismissal. At no point during that time did the plaintiffs raise this issue in the district court. Finally, plaintiffs filed a motion to alter or amend the judgment, but did not raise this issue in that motion.

On appeal, plaintiffs have not pointed to any allegations in the complaint that would demonstrate that the district court erred in granting the motion to dismiss. While it is true that the record submitted by the plaintiffs on appeal shows that Mr. Trujillo did exhaust his administrative remedies, this evidence was submitted as part of another defendant's pleading in an unrelated motion filed six months earlier. Without a responsive pleading by the plaintiffs alerting the district court to the existence of this evidence, the district court was under no duty to comb through the prior filings as part of its consideration of the merits of Wackenhut's motion to dismiss. Plaintiffs have not shown that the district court committed error and therefore they have failed to meet the first prong of the plain error test. Accordingly, we affirm the district court's decision granting Wackenhut's motion to dismiss Gilbert Trujillo's employment discrimination claims.

The judgment of the district court is AFFIRMED.

Entered for the Court

Deanell Reece Tacha
Chief Circuit Judge