BALDOCK, Circuit Judge,
dissenting in part.
In Part II of its opinion, the Court provides several legitimate reasons why Congress could have restricted application of the Armed Career Criminal Act, specifically 18 U.S.C. § 924(e)(1), to situations where a defendant has three prior violent felony convictions in “any state or federal court,” instead of “any court.” Based on these reasons, the Court then declares an unambiguous statute to be ambiguous, and invokes the rule of lenity in favor of Defendant. All this leads to the Court’s foretold conclusion that “foreign convictions may not be used as predicate offenses for the sentencing enhancement in 18 U.S.C. § 924(e).” Court Op. at 17. Because I do not agree with the Court’s unwarranted approach to statutory interpretation, I dissent as to Part II of the Court’s opinion.
Section 924(e)(1) provides in relevant part:
In the case of a person who violates § 922(g) of this title and has three previous convictions by any court referred to in § 922(g)(1) of this title for a violent felony or a serious drug offense, or both, committed on occasions different from one another, such person shall be ... imprisoned not less than fifteen years....
18 U.S.C. § 924(e)(1) (emphasis added). Section 922(g)(1) in turn provides in relevant part that “[i]t shall be unlawful for any person who has been convicted in any court of, a crime punishable by imprisonment for a term exceeding one year ... to ... possess ... any firearm or ammunition-” 18 U.S.C. § 922(g)(1) (emphasis added).
In this case, Defendant was convicted of possessing a firearm in violation of § 922(g)(1). Prior to this conviction, Defendant had been convicted of violent felonies in the United Kingdom on three separate occasions — twice for burglary and once for arson. Defendant also had been convicted in California for a “Lewd and Lascivious Act” involving a child under the age of fourteen. Because Defendant had at least three prior violent felony convictions in “any court,” “on occasions different from one another,” the district court, in my opinion correctly, sentenced Defendant to imprisonment “of not less than fifteen years” as required by § 924(e)(1). It’s that simple.
Absolutely nothing in the plain and unambiguous language of § 924(e)(1) indicates that Congress intended to exclude from the statute’s coverage a dangerous felon whose unlawful conduct occurred outside the United States. See United States v. Atkins, 872 F.2d 94 (4th Cir.1989); United States v. Winson, 793 F.2d 754 (6th Cir.1986). Reasons why Congress could have excluded such a felon from § 924(e)(l)’s coverage (but did not) do not justify altering the statute’s plain language by judicial fiat. Accordingly, I would affirm both Defendant’s conviction and sentence.[1]

. As to the Court's discussion in Part I of its opinion regarding the deliberate ignorance instruction, I, continue to adhere to the view expressed in my dissent in United States v. de *1258 Francisco-Lopez, 939 F.2d 1405, 1416 n. 5 (10th Cir.1991) (Baldock, J., dissenting), that because this Court cannot anticipate the facts of every case where a deliberate ignorance instruction might be appropriate, little purpose is served by saying a deliberate ignorance instruction is "rarely appropriate.” Court Op. at 6.