**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**William R. ATKINS,
Defendant–Appellant.**

No. 87–5179.

United States Court of Appeals,
Fourth Circuit.

Argued March 9, 1989.
Decided April 11, 1989.

William Eric O'Brian, Jr. (Newman T. Halvorson, Jr., Covington & Burling, Washington, D.C., on brief) for defendant-appellant.

William Graham Otis, Asst. U.S. Atty. (Henry E. Hudson, U.S. Atty., Alexandria, Va., on brief) for plaintiff-appellee.

Before MURNAGHAN, Circuit Judge, BUTZNER, Senior Circuit Judge, and HARVEY, Chief United States District Judge for the District of Maryland, sitting by designation.

MURNAGHAN, Circuit Judge:

The case is not complicated insofar as the facts are concerned, they having been stipulated. The defendant, William Roy Atkins, served in the United States Army from 1963 to 1972 at which time he was honorably discharged after three tours of duty in Vietnam.

Atkins was convicted in 1981 by the Crown Court of Croyden, England, of unlawful possession of a firearm with intent to endanger life. Sentenced to a term of 5 years incarceration, he was released and deported after three years.

On the night of April 4, 1987, Atkins was at the Officers Club at Fort Myer in Arlington, Virginia. His car was parked in the Officers Club parking lot. Attached to his car was a sticker he had obtained on June 28, 1985, entitling him to entrance into the base, which he had fraudulently obtained by presenting identification that purported to indicate that he was on active duty in the Army. Having previously determined that the sticker might be unauthorized, Fort Myer Military Police placed the car under observation. When Atkins returned to his car he was arrested. A search incident to that arrest revealed a Smith and Wesson .38 caliber pistol fastened to his ankle.

Thereafter, Atkins was indicted in the United States District Court for the Eastern District of Virginia for violation of 18 U.S.C. § 922(g), making it unlawful for any person "who has been convicted in any court of a crime punishable by imprisonment for a term exceeding one year ... to ... possess ... any firearm or ammunition...."

Atkins has conditionally pleaded guilty, reserving only the question of whether his conviction in England had been "by any court" of a crime punishable by imprisonment for a term exceeding one year. The length of the term is not in question, but Atkins denies that he was convicted in *any court.* The argument is that American legislatures, including Congress, dealing with affairs in this country, do not, unless they explicitly so state, mean a reference to "any court" to extend to the court of a foreign jurisdiction.[1] It is argued that the statute is sufficiently ambiguous, bearing

---

1. Atkins does not suggest his English conviction was the "result of the violation of [his] civil rights or contrary to any cherished principle of American constitutional law," *United States v. Winson,* 793 F.2d 754, 757 (6th Cir.1986), nor does he dispute that the English offenses he was charged with—*inter alia,* pulling a loaded handgun on a police officer—would constitute offenses of similar gravity under American law.

in mind the concept of lenity, which applies to criminal statutes, *see Rewis v. United States,* 401 U.S. 808, 91 S.Ct. 1056, 28 L.Ed.2d 493 (1971), that he should not be held guilty of violating 18 U.S.C. § 922(g).

*United States v. Winson,* 793 F.2d 754 (6th Cir.1986), holds squarely to the contrary. We are favorably impressed by the logic employed in *United States v. Winson* and agree with the *Winson* court that the scant legislative history of 18 U.S.C. § 922, as well as that of a similar provision in 18 U.S.C.App. § 1202, and the cases and materials construing the two statutes, offer no illumination as to Congress' intended meaning nor serve to inject any uncertainty into the subject language. *United States v. Winson,* 793 F.2d at 757, 758–59. If statutory language is unambiguous, the principle of lenity is inapplicable. *United States v. Turkette,* 452 U.S. 576, 587–88 n. 10, 101 S.Ct. 2524, 2530–31 n. 10, 69 L.Ed.2d 246 (1981).

Thus, considering the plain meaning of the subject language, Atkins' conviction appears to satisfy the requirements of the statute. "Any" is hardly an ambiguous term, being all-inclusive in nature. The attack must properly center, if it is to have any chance of success, on the word "court". However, Atkins suffered the misfortune of violating foreign law in England, the country which provides the origin or antecedent of the jurisdictional system employed in the United States of America. We here deal with a system of common law and statutes refining it which obtains in England and America alike. Accordingly, we find that Atkins' English conviction was a proper predicate for conviction under § 922, and, consequently, conclude that the judgment of the district court should be

AFFIRMED.