**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Mikel BORNFIELD, Defendant–**
**Appellant.**

No. 97–2169.

United States Court of Appeals,
Tenth Circuit.

July 7, 1999.

---

## ORDER DENYING PETITION
## TO RECALL MANDATE

BARRETT, Senior Circuit Judge.

This matter comes before the court on petitioner-appellant Mikel Bornfield's (Bornfield) Petition to Recall Mandate filed June 8, 1999. The petition is denied.

Bornfield, by and through his counsel, petitioned this court to recall the mandate affirming his conviction and sentence for engaging in a monetary transaction in criminally derived property, in violation of 18 U.S.C. § 1957(a). *See United States v. Bornfield,* 145 F.3d 1123 (10th Cir.1998). In his petition, Bornfield contends that this court erred in finding that he failed to object to the deliberate ignorance jury instruction with respect to Count 1, the count of conviction. Thus, Bornfield argues that this court erred in analyzing his challenge to the instruction for plain error, rather than abuse of discretion. Bornfield misplaces the error.

In support of his petition, Bornfield attached an affidavit of the district court [1] explaining how the district court's past procedures allowed objections to jury instructions to take place in conferences off the record. It is this procedure which resulted in this court's review of an incomplete record. If this court accepts the district court's affidavit as correct, Bornfield objected in two off the record conferences with the district court's law clerks to the deliberate ignorance instruction with respect to Count 1 and then briefly restated the "reasons" for his objection on the record. The district court apparently attempts to modify the record to reflect that Bornfield "raised this objection, for

Before BALDOCK and BARRETT, Circuit Judges.[*]

[*] The Honorable James K. Logan, Senior Judge, United States Court of Appeals for the Tenth Circuit, participated in the decision in this case but did not participate in this Order. Judge Logan resigned on July 15, 1998.

1. We refer to the district court's "Memorandum Opinion and Order" as an affidavit because we cannot discern under what authority the court had jurisdiction to issue such an order or to attempt to modify the record on appeal so late in the judicial process. This court's opinion, *Bornfield,* 145 F.3d 1123, was filed May 13, 1998. Bornfield's "Motion to Supplement the Record" and "Petition for Rehearing" were denied June 10, 1998. On September 16, 1998, Bornfield filed a "Motion to Stay Voluntary Surrender and For Hearing to Clarify the Record" in the district court. The district court's affidavit was filed on November 19, 1998. Finally, Bornfield's "Petition to Recall Mandate" was filed June 8, 1999.

the reasons stated on the record, and that the Court overruled the objection." We have repeatedly counseled against similar procedures. *See Dixon v. City of Lawton, Okla.*, 898 F.2d 1443, 1447 (10th Cir.1990); *United States v. Sloan*, 811 F.2d 1359, 1361–62 n. 2 (10th Cir.1987). Cf. *Glenn v. Cessna Aircraft Co.*, 32 F.3d 1462, 1464 (10th Cir.1994).

Contrary to Bornfield's assertions and the district court's insinuations, this court did not err. On the certified record before this court, there was no proper objection to the deliberate ignorance instruction with respect to Count 1. The error in this case lies with the district court and Bornfield.

■ At trial, the district court erroneously held initial jury instruction conferences off the record with inadequate procedures for preserving the objections for appellate review. In its affidavit, the district court averred that Bornfield stated on the record his reasons for his objection. On the contrary, Bornfield's statements during the on the record jury instruction conference did not qualify as proper objections to the instruction.[2] *Bornfield*, 145 F.3d at 1129. Bornfield knew the conferences were off the record. Thus, he knew, or should have known, that he needed to properly renew his objection on the record to preserve it for appeal. Federal Rule of Criminal Procedure 30 requires an objection to the challenged jury instruction before the jury retires. Fed.R.Crim.P. 30. *See Bornfield*, 145 F.3d at 1129. Bornfield was obligated to object *on the record* before the jury retired to preserve his objection for appellate review, even though the district court made this more difficult than necessary. *See* 10th Cir. R. 28.2(c) (with respect to jury instructions "a party must

record an objection to preserve the right to appeal").

■ On appeal, the proper composition of the record was Bornfield's obligation. 10th Cir. R. 10.3 ("[I]t is counsel's responsibility to see that the record on appeal is sufficient for consideration and determination of the issues on appeal."); Fed. R.App. P. 10. He was obligated to ensure his objection was properly preserved in the record, even if the initial objection conferences were not recorded. Federal Rule of Appellate Procedure 10(c) provides for the submission of a statement of the evidence in situations were the proceedings were not recorded. Fed. R.App. P. 10(c). Rule 10(e) also allows for correction or modification of the record if any differences arise about whether the record truly discloses what occurred in the district court or if anything material is omitted. Fed. R.App. P. 10(e). Furthermore, the lack of a proper objection on the record should have become obvious in the preparation of his appellate briefs. Tenth Circuit Rule 28.2(c) requires the appellant challenging a jury instruction to include in his opening brief "a statement as to where a proper objection and the court's ruling thereon may be found *in the record.*" 10th Cir. R. 28.2(c) (emphasis added). It is irrelevant that "[the district court and] both parties understood throughout the course of the trial that [Bornfield] objected" to the instruction, as the district court points out in its affidavit. There was not a proper objection on the record for appellate review.

Notwithstanding Bornfield's off the record objection, there is no manifest injustice. The result of this appeal would have been the same. Although this court analyzed the challenge to the deliberate igno-

---

2. In its affidavit, the district court makes much of the fact that Bornfield summarized his objection on the record and merely failed to use the specific word "object." Contrary to the district court's inferences, the specific use of "object" is not always necessary. It is necessary, however, to "stat[e] distinctly the matter to which that party objects and the

grounds of the objection" on the record before the jury retires to consider its verdict. Fed.R.Crim.P. 30. Generalized objections, such as those Bornfield made on the record, are insufficient. *Bornfield*, 145 F.3d at 1129. *See United States v. Zang*, 703 F.2d 1186, 1196 (10th Cir.1982), *cert. denied*, 464 U.S. 828, 104 S.Ct. 103, 78 L.Ed.2d 107 (1983).

rance instruction under the plain error standard, rather than abuse of discretion, the analysis was thorough and included a detailed review of the record on appeal.[3] *Bornfield,* 145 F.3d at 1128–30. In addition, the 404(b) evidence (Terrell's testimony regarding his recreational drug use with Bornfield) does not significantly affect the deliberate ignorance instruction with respect to Count 1 which concerned the $13,000 cash received from Gonzagowski, especially in view of Gonzagowski's testimony regarding paying for tax return preparation with cocaine, the expert testimony regarding Gonzagowski's tax returns, and Bornfield's own admissions that he knew Gonzagowski was involved with cocaine. *Bornfield,* 145 F.3d at 1129–30. The admission of the 404(b) evidence, if error, was still harmless.

3. The district court evidently missed this analysis because in its affidavit it stated that this court "declined to address this issue."