**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**DEC 1 2000**

**PATRICK FISHER**
**Clerk**

**PUBLISH**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

      Plaintiff-Appellee,

v.

JOSEPH SANTANA CONCHA,

      Defendant-Appellant.

No. 99-2171

---

**Appeal from the United States District Court**
**for the District of New Mexico**
**(D.C. No. CR-98-183-BB)**

---

Thomas B. Jameson, Assistant Federal Public Defender, Albuquerque, New Mexico, for Defendant-Appellant.

Robert D. Kimball, Assistant United States Attorney (John J. Kelly, United States Attorney, with him on the brief), Albuquerque, New Mexico, for Plaintiff-Appellee.

---

Before **BALDOCK**, **HOLLOWAY**, and **EBEL**, Circuit Judges.

---

**EBEL**, Circuit Judge.

---

      Joseph Santana Concha was convicted of assault and of being a felon in possession of a firearm. Because he had at least three previous convictions for

violent felonies, his sentence was enhanced under the Armed Career Criminal Act. On appeal, Concha challenges both his conviction and the sentence enhancement. We have jurisdiction under 18 U.S.C. § 3742(a) and 28 U.S.C. § 1291.

Concha argues that his conviction must be reversed because the district court gave a "deliberate ignorance" instruction to the jury when there was no evidence that Concha deliberately ignored anything. We find that giving this instruction was not plain error because (1) it was a correct statement of the law, (2) the prosecution did not argue a deliberate-ignorance theory of the case, and (3) the instruction did not affect Concha's substantial rights because the evidence of Concha's actual knowledge was overwhelming.

Concha attacks the sentence enhancement because three of his four predicate convictions took place in the United Kingdom. Contrary to the Fourth and Sixth Circuits, which found the statutory language to be unambiguous, we find it unclear whether Congress intended to include foreign convictions as predicate offenses under the Armed Career Criminal Act. Because there are strong arguments on both sides of the question, we invoke the rule of lenity and hold that foreign convictions should not be counted.

We thus AFFIRM the conviction but VACATE the sentence and REMAND.

# BACKGROUND

On the night of December 10, 1997, Joseph Santana Concha and his half-sister were brought to the Taos police station in connection with a domestic dispute. Concha, who was drunk, became verbally abusive toward the dispatcher. Sergeant Danny Anthony Pacheco intervened and a scuffle ensued, during which Concha gained possession of Pacheco's loaded gun. Sergeant Pacheco testified that Concha tried to shoot him, but Pacheco jammed two of his fingers behind the trigger to prevent it from firing. Pacheco wrested the gun away from Concha and, with the help of the dispatcher, subdued him.

Concha was charged with assault with intent to commit murder and assault with a dangerous weapon (Counts I and III), use of a firearm in connection with these two counts (Counts II and IV), and felon in possession of a firearm (Count V). Concha stipulated that he was a felon and admitted hitting Sergeant Pacheco. He testified, however, that he was drunk, confused, and missing his glasses; he did not intend to commit murder; and although he did not believe that he had taken the gun during the struggle, he was not sure whether he had obtained possession of it.

The jury acquitted Concha on Counts I through IV, convicting him instead on two counts of the lesser included charge of simple assault under 18 U.S.C. § 113(a)(5), and convicted him on Count V, being a felon in possession of a firearm

in violation of 18 U.S.C. § 922(g)(1). The government sought to enhance his sentence under the Armed Career Criminal Act, 18 U.S.C. § 924(e), which increases the penalty for being a felon in possession of a firearm if the defendant has three previous convictions for violent felonies. The government introduced evidence of four prior convictions: convictions for burglary in 1970 and 1976, a conviction for arson in 1975, and a conviction for a "Lewd and Lascivious Act Involving Child Under 14" in 1980. The first three of these – the convictions for burglary and arson – took place in the United Kingdom; the fourth conviction was from California. The district court accepted this evidence over Concha's objection and sentenced Concha to 180 months' imprisonment, the statutory minimum. See 18 U.S.C. § 924(e)(1).

Concha raises two issues on appeal. First, he argues that the district court's "deliberate ignorance" jury instruction was not warranted by the evidence. Second, he argues that the prior convictions do not meet the requirements of the Armed Career Criminal Act, and so his enhancement was improper. In part, Concha contends that foreign convictions should not be counted toward the three convictions required by the Armed Career Criminal Act.

**DISCUSSION**

I. <u>Jury Instructions</u>

Concha did not object to the deliberate ignorance instruction at trial. We therefore review it for plain error. <u>See</u> Fed. R. Crim. P. 30, 52(b); <u>United States v. Bornfield</u>, 145 F.3d 1123, 1129 (10th Cir. 1998), <u>petition to recall mandate denied</u>, 184 F.3d 1144 (10th Cir. 1999), <u>cert. denied</u>, 120 S. Ct. 986, 145 L. Ed. 2d 935 (2000). A plain error is grounds for reversal only when (1) the error is clear or obvious and (2) it affects the defendant's substantial rights. <u>See United States v. McHorse</u>, 179 F.3d 889, 903 (10th Cir.), <u>cert. denied</u>, 120 S. Ct. 358, 145 L. Ed. 2d 280 (1999). "It is the defendant rather than the Government who bears the burden of persuasion with respect to prejudice." <u>United States v. Olano</u>, 507 U.S. 725, 734, 113 S. Ct. 1770, 123 L. Ed. 2d 508 (1993).

The district court instructed the jury that to convict Concha of being a felon in possession of a firearm, it had to conclude that he had <u>knowingly</u> possessed a firearm. The court then instructed the jury as follows:

> The word "knowingly," as that term has been used from time to time in these instructions, means that the act was done voluntarily and intentionally, and not because of mistake or accident. While knowledge on the part of the defendant cannot be established merely by demonstrating that the defendant was negligent, careless, or foolish, <u>knowledge can be inferred if the defendant deliberately blinded himself to the existence of a fact</u>.

(Emphasis added). Concha does not contend that this is an inaccurate statement of the law. Indeed, we recently upheld identical instructions under the plain-error standard. See United States v. Delreal-Ordones, 213 F.3d 1263, 1267 n.3 (10th Cir. 2000) ("[T]he instruction adequately insured that Defendant only would be convicted if his ignorance was willful rather than negligent."). Rather, Concha argues that there is not sufficient evidence of deliberate ignorance in the record to support this instruction. In evaluating this claim, we view the evidence in a light most favorable to the Government. See id. at 1264.

This court has recognized that instructing the jury on deliberate ignorance "is rarely appropriate," because it is rare for the government to present evidence that a defendant deliberately avoided knowledge of a matter. See United States v. de Francisco-Lopez, 939 F.2d 1405, 1409 (10th Cir. 1991) (per curiam). But we need not decide whether this was one of the rare cases that warrants a deliberate-ignorance instruction, because we conclude that there was no plain error in giving the instruction. Concha has not met his burden of showing that the instruction affected his substantial rights. [1] Cf. United States v. Scott, 37 F.3d 1564, 1578-79

---

[1]It is relevant to our analysis that the government did not argue to the jury that this conviction could or should be predicated on the deliberate-ignorance instruction. Indeed, in the closing arguments, the prosecutor repeatedly stressed the evidence of Concha's actual knowledge.

(10th Cir. 1994) (finding that an improper deliberate-ignorance instruction can be harmless error).

Here, there was overwhelming evidence of Concha's actual knowledge that he possessed Sergeant Pacheco's gun, such that "a reasonable jury would be compelled to find" knowledge. See United States v. Barbee, 968 F.2d 1026, 1035 (10th Cir. 1992) (finding an improper deliberate-ignorance instruction harmless when there was "overwhelming" evidence of actual knowledge and "a reasonable jury would be compelled" to so find). According to the unrefuted testimony of Pacheco, Concha stated that he would "grab [Pacheco's] gun and shoot" him. Michael Martinez, the police dispatcher, heard Concha say, "I'm going to get your . . . gun and I'm going to kill your . . . ass . . . . I'm going to . . . kill you." Pacheco testified that Concha then reached for the weapon, pulled it out of Pacheco's holster, wrestled with Pacheco to aim it at Pacheco's unprotected ribs, and tried to pull the trigger.

Concha testified that he "may have" threatened to kill Pacheco, but that "[e]ven if the intention was there, I can guarantee you I was in no shape" to carry it out because he was intoxicated. Just two days after the incident, however, Concha gave a oral statement to the police in which he admitted taking Pacheco's gun. Although Concha tried to cast doubt on the accuracy of that statement at trial, he acknowledged that he could not say "beyond a shadow of a doubt I did

- 7 -

not take that gun." Viewed in the light most favorable to the government, this uncontested evidence is overwhelming as to Concha's actual knowledge that he possessed Pacheco's gun. See United States v. Sasser, 974 F.2d 1544, 1553 (10th Cir. 1992) ("[W]hen sufficient evidence of a defendant's guilt exists, the tendering of a 'willful blindness' instruction is harmless beyond a reasonable doubt even when the government does not introduce evidence to support such a theory.").

We recognize that in some cases, a deliberate-ignorance instruction might allow a jury to convict a defendant for negligent, rather than knowing, acts. See United States v. Hilliard, 31 F.3d 1509, 1517 (10th Cir. 1994) (finding error because the evidence of actual knowledge was not compelling); de Francisco-Lopez, 939 F.2d at 1410. In this case, however, the challenged instruction explicitly instructed the jury that neither mistake nor negligence was sufficient to support a conviction. This distinguishes the instruction from the one that we disapproved in de Francisco-Lopez. The de Francisco-Lopez instruction "used the phrases 'high probability' and 'average ordinary person' – both of which imply an objective standard that possibly could lead a jury to conclude that the proper standard for conviction was negligence." Sasser, 974 F.2d at 1552. Here, by contrast, the instruction used a subjective standard – that "the defendant deliberately blinded himself to the existence of a fact." Cf. Bornfield, 145 F.3d at

1130 (holding that an instruction similar to that given here focusing on the individual defendant did not constitute plain error).

We remain mindful that "the deliberate ignorance instruction should be given <u>only</u> when evidence has been presented showing the defendant purposely contrived to avoid learning the truth." <u>de Francisco-Lopez</u>, 939 F.2d at 1409. Nevertheless, we find that the instruction given in this case did not affect Concha's substantial rights and so was not plain error. We therefore affirm Concha's conviction.

II. <u>Sentence Enhancement</u>

We review de novo sentence enhancements imposed under the Armed Career Criminal Act. <u>See</u> <u>United States v. Bull</u>, 182 F.3d 1216, 1217 (10th Cir. 1999).

Concha was convicted of being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g). The Armed Career Criminal Act provides that if such a person "has three previous convictions by any court referred to in section 922(g)(1) of this title for a violent felony or a serious drug offense," he must be imprisoned for a minimum of fifteen years. 18 U.S.C. § 924(e)(1). The government introduced evidence of four prior felony convictions. Three of these convictions took place in the United Kingdom. Concha challenges the use of these

convictions on several grounds, including that foreign convictions are not

"convictions by any court" within the meaning of § 924(e)(1).

Section 924(e)(1) requires "three previous convictions by any court referred

to in section 922(g)(1) of this title." The cross-referenced section states:

> (g) It shall be unlawful for any person–
> (1) who has been convicted in <u>any court of</u>, a crime punishable
> by imprisonment for a term exceeding one year;
> . . . .
> to . . . possess . . . any firearm or ammunition . . . .

18 U.S.C. § 922 (emphasis added). Thus, the plain language of § 922(g)(1) gives

no more guidance than does § 924(e)(1) as to what constitutes "convictions by

any court."

There is, however, a statutory definition in 18 U.S.C. § 921(20) that

illuminates the scope of § 922(g)(1):

> The term "crime punishable by imprisonment for a term exceeding
> one year" does not include–
> (A) any <u>Federal or State</u> offenses pertaining to antitrust
> violations, unfair trade practices, restraints of trade, or other
> similar offenses relating to the regulation of business
> practices, or
> (B) any <u>State</u> offense classified by the laws of the State as a
> misdemeanor and punishable by a term of imprisonment of two
> years or less.

18 U.S.C. § 921(20) (emphasis added). This definition excludes certain federal

and state crimes from § 922(g)(1), but makes no comparable mention of foreign

crimes. If § 922(g)(1) were meant to cover foreign crimes, we would be left with

the anomalous situation that fewer domestic crimes would be covered than would be foreign crimes. For example, while someone who had been convicted of a U.S. antitrust violation would be allowed to possess a firearm, someone convicted of a British antitrust violation would not be allowed to possess a firearm.[2] There is no reason to believe that Congress intended this peculiar result in § 922(g)(1).

Thus, the definition of "crime punishable by imprisonment for a term exceeding one year" provides some evidence that Congress intended § 922(g)(1) to cover only federal and state crimes. Therefore, when the Armed Career Criminal Act requires "three previous convictions by any court referred to in section 922(g)(1)," it would exclude foreign convictions.

We find further support for this reading in the United States Sentencing Guidelines. Section 2K2.1 of the Guidelines enhances the sentence for being a felon in possession of a firearm in cases where the defendant has one or two "prior felony convictions of either a crime of violence or a controlled substance offense." However, both "crime of violence" and "controlled substance offense" as used in the Guidelines are limited to offenses "under <u>federal or state</u> law." United States Sentencing Guidelines § 4B1.2 (emphasis added). This comports

---

[2]In neither case could the previous conviction be used for the enhancement under § 924(e), because an antitrust violation is neither a "violent felony" nor a "serious drug offense." However, it would make no sense to give § 922(g)(1) one interpretation when it is applied without reference to § 924(e)(1), and to give it a different interpretation when it is applied through § 924(e)(1).

with the general approach of the Guidelines, which is not to count foreign convictions in computing a defendant's criminal history, see § 4A1.2(h), but to allow them to be used, in the judge's discretion, as a basis for an upward departure, see § 4A1.3(a). It would be anomalous not to use foreign convictions to enhance a felon-in-possession sentence when there are one or two prior convictions, but to require their use when there are three previous convictions.

We are further reluctant to allow foreign convictions to be used as predicate offenses for an Armed Career Criminal Act conviction in the absence of a clear statutory directive because foreign criminal defendants are not necessarily given the same constitutional protections that we take for granted in this country. This concern would be a compelling reason to exclude previous foreign convictions if there were no mechanism for a defendant to challenge the validity of those previous convictions. In Custis v. United States, 511 U.S. 485, 114 S. Ct. 1732, 128 L. Ed. 2d 517 (1994), the Supreme Court held that § 924(e) itself does not authorize collateral attacks on the predicate convictions, except for jurisdictional attacks based on the total deprivation of right to counsel. See id. at 490, 494. Custis left intact, however, the possibility of challenging the predicate convictions through a separate habeas petition. See id. at 512 (Souter, J., dissenting). We have held that even after the previous sentence has been fully served (and hence may not be attacked directly in a habeas action), a defendant

may bring a habeas petition against the current sentence "because it has been enhanced by a prior, unconstitutional conviction." Gamble v. Parsons, 898 F.2d 117, 118 (10th Cir. 1990); see also United States v. Clark, 203 F.3d 358, 364 (5th Cir.) (allowing a habeas challenge to a sentence under § 924(e) even when "the state whose conviction is being challenged is not a party"), reh'g en banc denied, 214 F.3d 1352 (5th Cir. 2000), petition for cert. filed, 69 U.S.L.W. 3110 (U.S. June 21, 2000) (No. 00-122). By analogy, therefore, it is possible that a defendant charged under the Armed Career Criminal Act could challenge predicate foreign convictions in a habeas proceeding, even though he is no longer serving the foreign sentence and the habeas action would not actually set aside the foreign conviction.[3]

There is some authority for the proposition that a federal court may review a foreign conviction through a petition for a writ of habeas corpus. See, e.g.,

_____

[3]Section 925(c) of Title 18 provides another mechanism for a felon to obtain prospective relief from § 922. The Secretary of Treasury may restore firearm privileges to a convicted felon if "the applicant will not be likely to act in a manner dangerous to public safety and . . . the granting of the relief would not be contrary to the public interest." 18 U.S.C. § 925(c). Judicial review is also available under this section. See id. Relief under this statute, however, does not depend on the validity of the foreign conviction, which is the problem that we confront. In addition, Congress has prevented any funds from being used for this mechanism in the appropriations bills every year since 1992. See, e.g., Pub. L. No. 106-58, 113 Stat. 430, 434 (1999). We have held that these acts suspended judicial relief under § 925(c). See Owen v. Magaw, 122 F.3d 1350, 1354 (10th Cir. 1997).

Rosado v. Civiletti, 621 F.2d 1179, 1182 (2d Cir. 1980) (in dictum, "reaffirm[ing] the authority of the federal courts to hear due process claims raised" against a Mexican conviction by prisoners held on American soil, but denying relief because the prisoner waived his right to challenge his Mexican conviction in order to be transferred to a United States prison to serve out his sentence). But cf. Neely v. Henkel, 180 U.S. 109, 122, 21 S. Ct. 302, 45 L. Ed. 2d 448 (1901) (suggesting, in a deportation case, that the constitutional provisions related to the writ of habeas corpus "have no relation to crimes committed without the jurisdiction of the United States against the laws of a foreign country"). Assuming that such collateral review of the foreign convictions for the purposes of the Armed Career Criminal Act charge is possible, we find it to be of limited utility in this matter. First, a habeas petition could not be filed until after the defendant began serving the sentences. This might force the defendant, who in some cases would not otherwise be incarcerated, to serve significant prison time before review. For example, if all the predicate convictions were foreign convictions obtained in an improper manner, and there were no other concurrent sentences, the defendant would not serve any time but for the improper convictions.[4] Second,

---

[4]In this case, Concha was sentenced to six months on the simple assault convictions. Without the foreign convictions but considering his prior felony conviction in California, his sentence for being a felon in possession would have been 41-51 months. Thus, this concern has considerably less force in Concha's

(continued...)

- 14 -

on habeas, the defendant bears the burden of proving the defects in the previous convictions. It will often be considerably more difficult for a defendant to attack a foreign conviction than to attack a state or federal conviction. Records of judicial proceedings may not be kept in all countries, or may be incomplete with respect to issues that we would find constitutionally significant.[5] We are disinclined to infer that Congress intended to impose this burden absent a clear indication to the contrary.

We are aware that the two courts of appeals that have addressed this question have held to the contrary. See United States v. Atkins, 872 F.2d 94, 96 (4th Cir. 1989); United States v. Winson, 793 F.2d 754, 757 (6th Cir. 1986)[6]; see also United States v. Chant, Nos. CR-94-1149, CR 94-0185, 1997 WL 231105 (N.D. Cal. Apr. 4, 1997) (following Winson and Atkins), aff'd, 201 F.3d 445 (9th Cir. 1999). But see Bean v. United States, 89 F. Supp. 2d 828, 837-38 (E.D. Tex. 2000) (rejecting Atkins and Winson). The Fourth and Sixth Circuits make credible

---

[4](...continued) case.

[5]Even in this case, which involves convictions from the United Kingdom, the parties dispute whether Concha had legal counsel for one of his previous convictions. The British records submitted to the trial court do not appear to resolve this question.

[6]Winson involved a prosecution under § 922(h)(1), which at the time contained language identical to that of § 922(g)(1): "who has been convicted in any court of, a crime punishable by imprisonment for a term exceeding one year." Winson, 793 F.2d at 755 n.1.

arguments in favor of counting foreign convictions as predicate offenses for § 922. Ultimately, however, we find that considerations of lenity sway us against these cases.

The Fourth and Sixth Circuits note the plain textual argument that the section refers to "convictions by any court." "'Any' is hardly an ambiguous term, being all-inclusive in nature." Atkins, 872 F.2d at 96; see also United States v. Martinez, 122 F.3d 421, 424 (7th Cir. 1997) (citing a dictionary definition of "any" in holding that a military conviction can be a predicate offense for § 924(e)). There are also valid policy reasons to include foreign convictions: "[W]e can perceive no reason why the commission of serious crimes elsewhere in the world is likely to make the person so convicted less dangerous than he whose crimes were committed within the United States." Winson, 793 F.2d at 758.[7]

Both opinions stressed that the previous foreign convictions had been obtained fairly. See Atkins, 872 F.2d at 96 ("Atkins suffered the misfortune of violating foreign law in England, the country which provides the origin or antecedent of the jurisdictional system employed in the United States of America."); Winson, 793 F.2d at 757 ("It is not pointed out to us in any particular how the claimed convictions in Argentina and Switzerland were the result of the

---

[7]Winson also noted the pre-arrest relief available from the Secretary of the Treasury under § 925(c). See 793 F.2d at 758. As we explained supra note 3, we do not find this mechanism to be a strong safeguard.

violation of the defendant's civil rights or contrary to any cherished principle of American constitutional law."). These cases were decided before the Supreme Court's decision in Custis. After Custis, such an inquiry is inappropriate at sentencing; rather, it can be made, if at all, only on habeas review.

Thus, there is a textual argument that § 924(e) covers foreign convictions ("any" means any), but there is a competing textual argument that it does not (the reference in § 921(20) to state and federal crimes). There are policy reasons to believe that Congress intended to include previous foreign convictions (foreign criminals are likely to be as dangerous as domestic criminals), but there are equally strong policy reasons to believe that Congress did not so intend (unfair foreign convictions can be challenged with difficulty, if at all). The legislative history does not illuminate the meaning of "convictions by any court." See Winson, 793 F.2d at 757. For these reasons, and contrary to the Fourth and Sixth Circuits, we believe that the statute is ambiguous. In such a situation, we are guided by the rule of lenity, that we "will not interpret a federal criminal statue so as to increase the penalty that it places on an individual when such an interpretation can be based on no more than a guess as to what Congress intended." United States v. Diaz, 989 F.2d 391, 393 (10th Cir. 1993) (citations omitted). We therefore hold that foreign convictions may not be used as predicate offenses for the sentencing enhancement in 18 U.S.C. § 924(e).

Concha's sentence must be vacated and the matter remanded to the district court for resentencing. Three of the four prior felony convictions upon which the district court relied took place in the United Kingdom. Without these convictions, the government has presented evidence of only one prior felony conviction.[8] This is insufficient to support a sentence enhancement under § 924(e), which requires three previous convictions for violent felonies. On remand, however, the district court remains free to consider the foreign convictions for the purposes of a departure under § 4A1.3 of the Sentencing Guidelines.

## CONCLUSION

For these reasons, Concha's conviction is AFFIRMED. His sentence is VACATED, and we REMAND the case to the district court for resentencing.

---

[8]Concha also argued that this fourth felony, for a "Lewd and Lascivious Act Involving Child Under 14," was not a violent felony under § 924(e)(2)(B). Because we hold that none of the other convictions qualify as violent felonies, we need not decide this question.

No. 99-2171,  United States v. Concha

**BALDOCK** , Circuit Judge, dissenting in part.

In Part II of its opinion, the Court provides several legitimate reasons why Congress could have restricted application of the Armed Career Criminal Act, specifically 18 U.S.C. § 924(e)(1), to situations where a defendant has three prior violent felony convictions in "any state or federal court," instead of "any court." Based on these reasons, the Court then declares an unambiguous statute to be ambiguous, and invokes the rule of lenity in favor of Defendant.  All this leads to the Court's foretold conclusion that "foreign convictions may not be used as predicate offenses for the sentencing enhancement in 18 U.S.C. § 924(e)."  Court Op. at 17.  Because I do not agree with the Court's unwarranted approach to statutory interpretation, I dissent as to Part II of the Court's opinion.

Section 924(e)(1) provides in relevant part:

> In the case of a person who violates § 922(g) of this title and has three previous convictions by  any court  referred to in § 922(g)(1) of this title for a violent felony or a serious drug offense, or both, committed on occasions different from one another, such person shall be . . . imprisoned not less than fifteen years . . . .

18 U.S.C. § 924(e)(1) (emphasis added).  Section 922(g)(1) in turn provides in relevant part that "[i]t shall be unlawful for any person who has been convicted in any court  of, a crime punishable by imprisonment for a term exceeding one year . . . to . . . possess . . . any firearm or ammunition . . . ."  18 U.S.C. § 922(g)(1) (emphasis added).

In this case, Defendant was convicted of possessing a firearm in violation of § 922(g)(1). Prior to this conviction, Defendant had been convicted of violent felonies in the United Kingdom on three separate occasions–twice for burglary and once for arson. Defendant also had been convicted in California for a "Lewd and Lascivious Act" involving a child under the age of fourteen. Because Defendant had at least three prior violent felony convictions in "any court," "on occasions different from one another," the district court, in my opinion correctly, sentenced Defendant to imprisonment "of not less than fifteen years" as required by § 924(e)(1). It's that simple.

Absolutely nothing in the plain and unambiguous language of § 924(e)(1) indicates that Congress intended to exclude from the statute's coverage a dangerous felon whose unlawful conduct occurred outside the United States. See United States v. Atkins, 872 F.2d 92 (4th Cir. 1989); United States v. Winson, 793 F.2d 754 (6th Cir. 1986). Reasons why Congress could have excluded such a felon from § 924(e)(1)'s coverage (but did not) do not justify altering the statute's plain language by judicial fiat. Accordingly, I would affirm both Defendant's conviction and sentence. [1]

---

[1] As to the Court's discussion in Part I of its opinion regarding the deliberate ignorance instruction, I continue to adhere to the view expressed in my dissent in United States v. de Francisco-Lopez, 939 F.2d 1405, 1416 n.5 (10th Cir. 1991) (Baldock, J., dissenting), that because this Court cannot anticipate the

(continued...)

[1](...continued) facts of every case where a deliberate ignorance instruction might be appropriate, little purpose is served by saying a deliberate ignorance instruction is "rarely appropriate." Court Op. at 6.