**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**JUN 25 2002**

**PATRICK FISHER**
**Clerk**

**PUBLISH**

# UNITED STATES COURT OF APPEALS
# TENTH CIRCUIT

---

UNITED STATES OF AMERICA,

　　Plaintiff-Appellee,

v.

JOSEPH SANTANA CONCHA,

　　Defendant-Appellant,

No. 01-2248

---

**Appeal from the United States District Court**
**for the District of New Mexico**
**(D.C. No. CR-98-183-BB)**

---

Thomas B. Jameson, Assistant Federal Public Defender, Albuquerque, New Mexico, for Defendant-Appellant.

Robert D. Kimball, Assistant U.S. Attorney (David C. Iglesias, United States Attorney, with him on the brief), Albuquerque, New Mexico, for Plaintiff-Appellee.

---

Before **SEYMOUR**, **BALDOCK** and **HARTZ**, Circuit Judges.

---

**SEYMOUR**, Circuit Judge.

Joseph Santana Concha appeals the district court's upward departure from the sentencing guidelines. We affirm.

## I.

Mr. Concha was convicted by a jury on two counts of misdemeanor simple assault in violation of 18 U.S.C. § 113(a)(5)[1] and one count of being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). The district court originally enhanced his sentence under the Armed Career Criminal Act, 18 U.S.C. § 924(e), on the basis of four predicate convictions, three of which took place in Great Britain. On appeal, Mr. Concha challenged the use of those foreign convictions for sentencing enhancement purposes. We agreed with Mr. Concha that foreign convictions may not be so used, vacated his sentence, and remanded for resentencing. *See United States v. Concha*, 233 F.3d 1249 (10th Cir. 2000). In so doing, we pointed out that the sentencing court remained "free to consider the foreign convictions for the purposes of a departure under § 4A1.3 of the Sentencing Guidelines." *Id.* at 1257.

Upon resentencing the district court departed upward one criminal history

---

[1] These counts originally charged Mr. Concha with assault with intent to commit murder and assault with a dangerous weapon. The jury acquitted him on these charges, convicting him instead on two counts of the lesser included offense of simple assault.

level on the basis of seven instances of criminal conduct that occurred in Great Britain from 1970 to 1977. Mr. Concha again appeals, raising several objections to the court's use of this evidence to support an upward departure.

## II.

The Sentencing Guidelines permit a sentencing court to depart from the otherwise applicable guideline range if "the court finds 'that there exists an aggravating or mitigating circumstance of a kind, or to a degree, not adequately taken into consideration by the Sentencing Commission in formulating the guidelines . . . .'" U.S.S.G. § 5K2.0 (Nov. 1998) (quoting 18 U.S.C. § 3553(b)). The guidelines intend

> the sentencing courts to treat each guideline as carving out a "heartland," a set of typical cases embodying the conduct that each guideline describes. When a court finds an atypical case, one to which a particular guideline linguistically applies but where conduct significantly differs from the norm, the court may consider whether a departure is warranted.

*Id.* ch.1, pt. A, intro. comment. 4(b).

The guidelines set out a limited number of forbidden factors that may not support a departure,[2] those that are encouraged as a basis for departure, and those

---

[2] The forbidden factors are race, sex, national origin, creed, religion, and socioeconomic status, *see* U.S.S.G. § 5H1.10; lack of guidance as a youth, *id.* § 5H1.12; drug or alcohol dependence, *id.* § 5H1.4; and economic duress, *id.* §

(continued...)

that are discouraged.

> If the special factor is an encouraged factor, the court is authorized
> to depart if the applicable Guideline does not already take it into
> account. If the special factor is a discouraged factor, or an
> encouraged factor already taken into account by the applicable
> Guideline, the court should depart only if the factor is present to an
> exceptional degree or in some other way makes the case different
> from the ordinary case where the factor is present.

*Koon v. United States*, 518 U.S. 81, 96 (1996).

We review departures from the guidelines under a unitary abuse-of-discretion standard, giving deference to essentially factual questions and plenary review to those that are essentially legal. *See United States v. Hannah*, 268 F.3d 937, 940 (10th Cir. 2001). In determining whether a sentencing court abused its discretion in deciding to depart we must evaluate:

> (1) whether the factual circumstances supporting a departure are
> permissible departure factors; (2) whether the departure factors relied
> upon by the district court remove the defendant from the applicable
> Guideline heartland thus warranting a departure; (3) whether the
> record sufficiently supports the factual basis underlying the
> departure; and (4) whether the degree of departure is reasonable.

*Id.* at 940-41 (quoting *United States v. Collins*, 122 F.3d 1297, 1303 (10th Cir. 1997)). Only the fact of departure is at issue here, not the degree.

The district court in this case departed upward upon concluding that Mr. Concha's criminal history category under-represented the seriousness of his past

[2](...continued)
5K2.12.

conduct. The failure of a defendant's criminal history category to "adequately reflect the seriousness of the defendant's past criminal conduct or the likelihood that the defendant will commit other crimes" is an encouraged departure factor. U.S.S.G. § 4A1.3. However, we must also assess whether the factual bases upon which the court here relied in finding under-representation are themselves permissible grounds for departure. *See Collins*, 122 F.3d at 1304-05.

The district court expressly grounded its departure decision upon seven instances of foreign criminal conduct that occurred between 1970 and 1977, when Mr. Concha was between twenty-one and twenty-seven years of age. Six of these instances resulted in convictions and periods of imprisonment, while one, a charge of attempted murder, resulted in Mr. Concha's hospital commitment under Great Britain's Mental Health Act of 1959.[3]

---

[3] The court relied on the following information set out in paragraphs 32 through 38 of the presentence report: (1) a charge of assault occasioning actual bodily harm in March 1970 for which Mr. Concha was given six months in prison and a three-year suspended sentence; (2) charges in November 1970 of burglary and theft from a dwelling and assault occasioning actual bodily harm for which he was given a sentence of two years in prison and a consecutive sentence of six months in prison; (3) two charges in December 1970 of assault occasioning actual bodily harm for which he was sentenced to three months in prison consecutively to the sentences imposed previously; (4) charges in November 1975 of property damage, arson and drunk driving for which he was given a sentence of 12 months in prison, and concurrent sentences of two years in prison, 12 months in prison and four months in prison; (5) charges in January 1976 of auto theft, burglary and theft, and driving while disqualified for which he was given concurrent sentences of 18 months and 12 months; (6) charges in November 1977 of criminal damage

(continued...)

When, as here, a defendant's prior sentences fall outside the applicable time periods for purposes of calculating his criminal history category, *see* U.S.S.G. § 4A1.2(e), such sentences may nonetheless support an upward departure. "If the court finds that a sentence imposed outside this time period is evidence of similar, or serious dissimilar, criminal conduct, the court may consider this information in determining whether an upward departure is warranted under § 4A1.3 (Adequacy of Criminal History Category)." U.S.S.G. § 4A1.2, comment. (n.8). The Guidelines do not apply to Mr. Concha's instant convictions under Counts I and III for simple assault because those crimes are Class B misdemeanors. *See* U.S.S.G. § 1B1.9. Accordingly, the convictions that are too old to be included in Mr. Concha's criminal history calculation may support an upward departure if they are either evidence of conduct that is similar to his conviction for being a felon in possession of a firearm, or evidence of serious, dissimilar criminal conduct.

In relying on Mr. Concha's foreign convictions from the 1970s, the district court determined they were serious, dissimilar conduct, pointing out that "all were offenses causing harms to individuals or property. These offenses all resulted in

_____

[3](...continued)
and dangerous driving for which he was given a sentence of 12 months in prison and a concurrent sentence of six months; and (7) a charge in December 1977 of attempted murder for which he was given a hospital commitment order under the Mental Health Act. *See* rec. vol. II, at 7-9.

periods of imprisonment, with the exception of . . . attempted murder, which resulted in a period of hospitalization under the Mental Health Act of Great Britain."[4] Rec. supp. vol. 1, at 20. The court also observed that Mr. Concha has "been in counseling most of his life. He's been in prison a substantial period of time over the last 30 years. His continued pattern of criminal behavior seems to me to be a likelihood of recidivism. We've been ineffective in the past keeping him from criminal behavior." *Id.* at 10.

Mr. Concha contends that the court erred in holding these convictions were serious enough to support an upward departure. In making this argument, Mr. Concha attempts to analogize his circumstances to those at issue in *United States v. Wyne*, 41 F.3d 1405 (10th Cir. 1994), in which we concluded that the defendant's record did not support an upward departure under U.S.S.G. § 4A1.3.

---

[4] Mr. Concha contends in particular that the sentencing court erred in relying on the charge of attempted murder, arguing that it cannot support a departure because it neither resulted in a criminal conviction and sentence nor was similar to the instant crime of conviction. We disagree. Section 4A1.3 lists five categories of information that may indicate a defendant's criminal history category does not adequately reflect his past criminal conduct or his likelihood of recidivism. One category includes prior *similar* adult criminal conduct *not resulting in a criminal conviction. See* U.S.S.G. § 4A1.3(e). Even accepting Mr. Concha's argument that the attempted murder charge is not similar to his conviction for being a felon in possession of a firearm, section 4A1.3 expressly states that the court is "not limited to" the information described in the five categories set out therein. *See id.* § 4A1.3. The district court therefore did not err in taking into account the attempted murder charge in deciding whether departure was warranted under section 4A1.3.

In that case, the defendant had never received a sentence of imprisonment exceeding one year and one month. His uncounted convictions consisted of eight misdemeanors, for which he was sentenced in total to about thirty-three months, one assault which the government failed to show involved actual bodily harm and for which he received four years probation, and four DUI convictions, for which he received sentences ranging from five weekends to six months in jail. *Id.* at 1406 n.1. Here, to the contrary, all of Mr. Concha's assaults resulted in actual bodily harm and most of his sentences of imprisonment exceeded one year and involved additional concurrent sentences. In our view, Mr. Concha's uncounted criminal history is significantly more serious than that described in *Wyne*.

A sentencing court has "great latitude to determine the use of information presented for sentencing. That latitude certainly extends to its assessment of the significance of foreign criminal convictions." *United States v. Korno*, 986 F.2d 166, 169 n.3 (7th Cir. 1993). The court did not err in determining that Mr. Concha's foreign convictions warranted an upward departure both because they were sufficiently serious and because they evidenced a risk of recidivism. *See United States v. Levi*, 229 F.3d 677, 679 (8th Cir. 2000) (even foreign "offenses which are minor and dissimilar to the offense of conviction may be considered as evidence of a risk of recidivism if they evince a defendant's obvious incorrigibility." (citation and quotation omitted)).

Mr. Concha also argues the foreign convictions could not support an upward departure because the government did not establish they were fairly obtained. In particular, Mr. Concha contends the government failed to show he was represented by counsel with respect to five of them. The guidelines specifically provide that, in calculating a defendant's criminal history score, sentences resulting from convictions that "have been ruled constitutionally invalid in a prior case are not to be counted." U.S.S.G. § 4A1.2, comment. (n.6). Significantly, however, the application note further provides that "[n]onetheless, the criminal conduct underlying any conviction that is not counted in the criminal history score may be considered pursuant to § 4A1.3 (Adequacy of Criminal History Category)."[5] *Id.* Here, of course, Mr. Concha's foreign convictions have not been ruled constitutionally invalid. Moreover, even assuming they are subject to challenge on Sixth Amendment grounds, the comment to the guideline indicates it is proper to consider the underlying conduct in assessing the propriety of an upward departure. While Mr. Concha contends the district court relied on the convictions themselves rather than the underlying conduct, our review of the

---

[5] This guideline renders misplaced Mr. Concha's reliance upon *Strachan v. Army Clemency & Parole Bd.* 151 F.3d 1308 (10th Cir. 1998). In that case, we held an invalid conviction could not support the forfeiture of street time upon revocation of parole, a matter not subject to the sentencing guidelines. Here, to the contrary, the use of conduct underlying an invalid conviction is specifically permitted during sentencing in determining whether to depart on the basis of inadequate criminal history.

record convinces us otherwise. The court specifically noted that "all were offenses causing harms to individuals or property." Rec. supp. vol. I, at 20.

In sum, the district court properly considered Mr. Concha's foreign offenses in assessing the propriety of an upward departure under section 4A1.3. His foreign convictions, while outside the applicable time period, are sufficiently serious to be considered and may be considered notwithstanding the possibility that they were obtained without the assistance of counsel. The attempted murder charge is likewise not excluded from consideration even though it arguably did not involve conduct similar to the offense of conviction.[6]

Mr. Concha also contends the district court abused its discretion in determining that his foreign offenses placed him outside the applicable guideline heartland. In addressing the court's determination that "the case is 'so unusual' as to remove it from the 'heartland' of cases, our review is most deferential." *United States v. Caldwell*, 219 F.3d 1186, 1192 (10th Cir. 2000).

Before a departure is permitted, certain aspects of the case must be

---

[6] As the district court and the government observed, Mr. Concha's felony possession of a firearm occurred when, during an altercation with a police officer, Mr. Concha wrested the officer's weapon away from him and attempted to shoot him with it. The officer prevented Mr. Concha from firing the gun by inserting his finger behind the trigger. The attempted murder charge arose from an altercation between Mr. Concha and his step-brother during which Mr. Concha hit the victim "over the head and body with a bar threatening to kill him and stabbed him with a sword causing serious internal injuries requiring emergency surgery." Rec. vol. II, at 9.

-10-

found unusual enough for it to fall outside the heartland of cases in the Guideline. To resolve this question, the district court must make a refined assessment of the many facts bearing on the outcome, informed by its vantage point and day-to-day experience in criminal sentencing. . . . District courts have an institutional advantage over appellate courts in making these sorts of determinations, especially as they see so many more Guidelines cases than appellate courts do.

*Koon*, 518 U.S. at 98.

Mr. Concha had eight criminal history points, placing him in category IV. In making this calculation, the presentence report assigned three points under U.S.S.G. § 4A1.1(a) for a 1979 California state court conviction on two counts of crimes against children, for which Mr. Concha was sentenced to five years in prison,[7] one point each for two drunk driving convictions for which Mr. Concha was given terms of two years and three years probation respectively, one point for a misdemeanor domestic battery conviction for which Mr. Concha was given twenty-four days incarceration and thirty-six months probation, and two points under U.S.S.G. § 4A1.1(d) because he committed the offense while on probation for the battery conviction.

In determining that an upward departure was warranted, the district court made the following observations.

---

[7] According to the felony complaint, Mr. Concha was charged with one count of sexual intercourse with a twelve year-old female "where she was prevented from resisting by threats of great and immediate bodily harm," and one count of committing a lewd and lascivious act upon a child under the age of fourteen. Rec. vol. II, at 10.

The Court notes defendant's criminal history spans a period of 30 years, beginning at age 18. And the present offense was committed when he was the age of 48. Based on these factors, the Court finds defendant's criminal history category underrepresents the seriousness of defendant's criminal history, and the seriousness of defendant's criminal history resembles that of at least a criminal history of category 5.

The Court notes that had one point been assessed to each of the five prior foreign convictions, defendant's criminal history category would be beyond the minimum of 13 points required for a criminal history of category 6. However, the Court of Appeals has indicated that these previous foreign convictions should not be considered, as they would as if they were domestic convictions. But I don't think they can be ignored, and I don't believe the Court of Appeals has indicated they should be ignored.

The Court finds these foreign convictions occurred between 1970 and '77, and while they would be time barred from consideration in some matters in our legal system, it's clear they did not deter the defendant from further criminal conduct, since once he arrived in the United States, he was convicted in California for a crime against a child, a serious crime. Defendant also has convictions for driving under the influence, and two for battery.

Rec. supp. vol. I, at 20-21. Giving appropriate deference to the district court's view of the matter, we find no abuse of discretion in the court's conclusion that Mr. Concha's history of uncounted past offenses places him outside the heartland of defendants with a criminal history of category IV, both with respect to the seriousness of his criminal history and his likelihood of recidivism.

Mr. Concha also contends the record does not support the factual basis underlying the departure, arguing that the material describing the foreign offenses does not establish either that they were serious or fairly obtained. We reject Mr. Concha's challenge to the sufficiency of the record summarily. As the

government points out, Mr. Concha does not assert that the information concerning the foreign offenses is inaccurate; he merely argues that it is inadequate to show either seriousness or procedural fairness. We have carefully reviewed the record and, under our deferential standard of review, we are convinced the evidentiary basis for the court's use of this information is sufficient. As discussed above, the convictions can be considered even if they were obtained absent counsel. The descriptions of the offenses contained in the Great Britain records and the undisputed sentences imposed are more than sufficient to establish the requisite seriousness. Mr. Concha's argument in this regard is therefore without merit.

Finally, we turn to Mr. Concha's assertion that he did not receive sufficient notice the court would rely on the 1977 criminal damage conviction as a ground for upward departure. In so arguing, Mr. Concha attempts to bring this case within the holding of *Burns v. United States*, 501 U.S. 129 (1991). In *Burns*, the plea agreement and the presentence report both embodied the parties' expectation that the defendant would be sentenced within the applicable guideline range. Nonetheless, at the conclusion of the sentencing hearing, the court announced its sua sponte decision to depart upward. *Burns* thus

> involves one aspect of the procedures surrounding Guidelines
> sentencing: whether the defendant is entitled to notice before the
> district court departs *sua sponte* from the Guidelines sentencing
> range. In the ordinary case, the presentence report or the

-13-

Government's own recommendation will notify the defendant that an upward departure will be at issue and of the facts that allegedly support such a departure.

*Id.* at 135 (footnotes omitted).

The instant case is clearly distinguishable from *Burns* in that Mr. Concha had notice, beginning with our circuit opinion remanding his case for resentencing, that an upward departure was possible on the basis of inadequate criminal history under section 4A1.3. *See Concha*, 233 F.3d at 1257. Moreover, our first opinion and the amendment to the presentence report on resentencing provided notice that such a departure would be supported by his foreign convictions. *Id.* Thus Mr. Concha was significantly more aware than was the defendant in *Burns* that the court might depart and of the grounds for that departure. *See, e.g., United States v. Lopreato*, 83 F.3d 571, 577 (2d Cir. 1996).

Even assuming *Burns* governs the lack of notice with respect to the one conviction not previously mentioned by the government or the probation office as among those foreign convictions supporting an upward departure, we find no grounds for reversal. Mr. Concha has not identified on appeal any argument he would have made against the use of this particular conviction that he did not make with respect to the other six convictions specifically listed as bases for departure. Indeed, Mr. Concha has failed to articulate any prejudice whatsoever flowing from his lack of notice regarding the use of that conviction. Accordingly, any

error was harmless beyond a reasonable doubt. *See id.* Moreover, when, as here, "the sentencing decision rested on other permissible factors in addition to the improper factor, and we determine the district court would have imposed the same sentence even in the absence of the improper factor, then we will not disturb the decision." *United States v. Whiteskunk*, 162 F.3d 1244, 1250 (10th Cir. 1998) (citing *Koon*, 518 U.S. at 113). Our review of the proceedings convinces us the district court would have imposed the same sentence even absent consideration of the challenged foreign conviction.

We **AFFIRM** the sentence of the district court.