**UNITED STATES of America,**

v.

**Michel JALBERT, Defendant**

**No. 02–CR–79–B–S.**

United States District Court,
D. Maine.

Feb. 4, 2003.

See, also, 231 F. Supp.2d 359.

Jon Haddow, Esq., Farrell, Rosenblatt & Russell, Bangor, for Michel Jalbert, defendant.

Michael D. Love, Esq., U.S. Attorney's Office, Bangor, for U.S. Attorneys.

**ORDER DENYING MOTION TO DISMISS**

SINGAL, Chief Judge.

Before the Court is Defendant Michel Jalbert's Motion to Dismiss (Docket # 6) the three count Indictment (Docket # 5) in this matter. For the reasons discussed

below, the Court DENIES Defendant's Motion.

## I. DISCUSSION

On October 11, 2002, Defendant Michel Jalbert was taken into custody by Border Patrol agents in Estcourt, Maine after crossing the border from neighboring Quebec, Canada. Defendant was stopped at the Gaz Bar, a gas station located immediately within the United States border, but some distance from the official border crossing. When the agents arrested Defendant, they also found a shotgun and ammunition in his vehicle.

As a result of his entry into the United States, Defendant was charged with a three count Indictment on November 5, 2002. Count I alleges entry into the United States without inspection in violation of 8 U.S.C. § 1325(a) (1999). Count II charges possession of a firearm by an illegal alien under 18 U.S.C. § 922(g)(5) (2000). In light of Defendant's 1990 Canadian convictions for breaking and entering and receipt of stolen goods, Count III charges possession of a firearm by an individual convicted of a crime punishable by more than one year in prison in violation of 18 U.S.C. 922(g)(1) (2000).

Defendant makes two arguments for dismissal of the Indictment. He first argues that a June 18, 1990 letter to the Gaz Bar from Emery W. Ingalls, District Director of the Customs Service, excused gas station customers from inspection upon entering the United States. As a result, he maintains that Counts I and II are the product of outrageous government conduct and violative of his constitutional right to due process. Defendant next asserts that the scope of the felon in possession statute is ambiguous. He argues Count III is subject to the rule of lenity because the significance of foreign convictions under section 922(g)(1) is unclear.

## A. Immigration Counts

■ Defendant first challenges Counts I and II of the Indictment. He argues that his arrest, in violation of established Customs Service practice, represents outrageous government behavior warranting dismissal of the charges. Outrageous conduct in contravention of a defendant's right to due process exists where the challenged action violates "commonly accepted norms of fundamental fairness and is shocking to the universal sense of justice." *United States v. Guzman,* 282 F.3d 56, 59 (1st Cir.2002) (citing *United States v. Russell,* 411 U.S. 423, 432, 93 S.Ct. 1637, 36 L.Ed.2d 366 (1973)); *see also United States v. Nunez,* 146 F.3d 36, 38 (1st Cir. 1998). To sanction the government for such misconduct, the appropriate remedy is dismissal of a criminal charge resulting from the action *Guzman,* 282 F.3d at 59; *United States v. Bouchard,* 886 F.Supp. 111, 120 (D.Me.1995). However, dismissal is reserved for only the most appalling and egregious conduct. *Guzman,* 282 F.3d at 59; *see also United States v. Santana,* 6 F.3d 1, 4 (1st Cir.1993) (describing the doctrine as "moribund").

An outrageous conduct determination must be made in light of the totality of the relevant circumstances surrounding the challenged event. *Santana,* 6 F.3d at 7. Thus, a motion to dismiss for outrageous government conduct should be supported by a sufficient factual foundation, such as particularized evidentiary submissions or a request for an evidentiary hearing. *See Nunez,* 146 F.3d at 38. In the present case, Defendant has not proffered any particularized evidence of outrageous conduct other than the June 18, 1990 letter nor requested an evidentiary hearing. Lacking a developed factual record, the Court is ill-equipped to address Defendant's motion at the present time.

However, under the Federal Rules of Criminal Procedure, a court may defer decision on a pre-trial motion to dismiss until trial, provided it has good cause and a party's right to appeal is not adversely affected. Fed.R.Crim.P. 12(d). A motion requiring the presentation of a significant quantity of evidence relevant to the question of guilt or innocence constitutes good cause to defer. *See* Fed.R.Crim.P. 12(b)(2); *United States v. Wilson*, 26 F.3d 142, 159 (D.C.Cir.1994) (encouraging deferral where the motion involves questions of fact "inevitably bound up with evidence about the alleged offense itself"); *United States v. Barletta*, 644 F.2d 50, 59 (1st Cir.1981) (granting a trial court discretion to defer a ruling on a pre-trial motion to dismiss where the motion implicates the "general issue" to be tried). Here, Defendant will not be prejudiced by deferral because he has not requested a hearing nor marshaled the facts necessary to support his claim. Moreover, the existence of the Customs Service policy outlined in the June 18, 1990 letter as well as any violation of that practice are both fact-intensive inquiries central to criminal liability on the immigration counts. At trial, the alien in possession and entry without inspection charges will require an examination of the nature of Defendant's entry into the United States. Delaying a ruling on the motion until trial will thus enable the parties to develop the relevant factual record. As such, the Court defers ruling on Defendant's outrageous conduct arguments until trial.

### B. Felon in Possession Count

■ Defendant also contests Count III, charging him under 18 U.S.C. § 922(g)(1) (2000). That provision makes it unlawful for a person "convicted in any court" of a crime punishable by more than one year in prison to possess a firearm. § 922(g)(1). The predicate offenses of Count III are Defendant's 1990 Canadian convictions.

Defendant maintains that whether the term "any court" encompasses foreign convictions is not clear. In light of this ambiguity, he argues that the rule of lenity dictates dismissal of the count.

The rule of lenity requires that genuine ambiguities affecting a criminal statute's scope be resolved in favor of the defendant. *United States v. Bowen*, 127 F.3d 9, 13 (1st Cir.1997) (citing *United States v. Lanier*, 520 U.S. 259, 266, 117 S.Ct. 1219, 137 L.Ed.2d 432 (1997)). The rule is invoked only where the meaning of a criminal statute remains obscure after thorough inquiry. *Id.* A statute is obscure where a court can make no more than a guess as to what Congress intended. *United States v. Nippon Paper Indus. Co.*, 109 F.3d 1, 8 (1st Cir.1997); *see also Bowen*, 127 F.3d at 14 (noting that a statute is obscure where genuine and insurmountable doubt exists as to its intended meaning).

Defendant relies on the holding in *United States v. Concha*, 233 F.3d 1249, 1256 (10th Cir.2000) for the proposition that the statute is ambiguous. The *Concha* court determined that the scope of "any court" was unclear by reading section 922(g)(1) in conjunction with an accompanying statutory definition. *Concha*, 233 F.3d at 1253–54. Because Congress specified that the phrase "crime punishable by imprisonment for a term exceeding one year" does not include certain federal and state offenses, 18 U.S.C. § 921(20) (2000), the Court reasoned that Congress may have intended to exclude foreign convictions from 922(g)(1). The decision also points to the specified nature of prior felony convictions under the Sentencing Guidelines and notes that foreign convictions do not necessarily guarantee the same constitutional protections available in this country. *See Concha*, 233 F.3d at 1254–55. As a result, the Tenth Circuit found that the meaning of "any court" was ambiguous and held that

foreign convictions may not be used as predicate offenses to the detriment of a defendant. *Id.* at 1256; *see also Bean v. United States,* 89 F.Supp.2d 828, 838 (E.D.Tex.2000) (holding that section 922(g)(1) does not include foreign convictions), *rev'd on other grounds,* —— U.S. ——, 123 S.Ct. 584, 154 L.Ed.2d 483 (2002).

However, the majority of courts to reach the issue have held that foreign convictions represent predicate offenses under the statute. *See, e.g., United States v. Atkins,* 872 F.2d 94, 96 (4th Cir.1989); *United States v. Winson,* 793 F.2d 754, 757 (6th Cir.1986); *United States v. Small,* 183 F.Supp.2d 755, 759–60 (W.D.Pa.2002); *United States v. Ingram,* 164 F.Supp.2d 310, 317 (N.D.N.Y.2001). In *Atkins,* the Fourth Circuit determined that the plain meaning of the term "any court" unambiguously reaches foreign courts. *Atkins,* 872 F.2d at 96. Similarly, the Sixth Circuit, in *Winson,* held that Congress intended the felon in possession provision to reach foreign convictions because individuals convicted of serious crimes abroad are equally dangerous as individuals convicted of those crimes within the United States. *Winson,* 793 F.2d at 758. The *Winson* court further noted that the legislative history of section 922(g)(1) provides no indications that Congress intended to exclude foreign convictions. *Id.* at 758.

The Court is persuaded by the reasoning of the Fourth and Sixth Circuits. The phrase "any court," on its face, encompasses foreign as well as domestic courts. *See Atkins,* 872 F.2d at 96. The rule of lenity cannot be used to create ambiguity where the meaning of a statute is reasonably clear. *Nippon,* 109 F.3d at 8. Absent contrary indications of congressional intent, the Court will not attribute latent ambiguity to a provision with an obvious interpretation. *See Winson,* 793 F.2d at 757. Accordingly, the Court finds that Congress intended section 922(g)(1) to include foreign convictions and declines to apply the rule of lenity. *See United States v. Ahlers,* 305 F.3d 54, 62 (1st Cir.2002) (declining to apply rule of lenity where criminal statute has a clear and plausible meaning).

## II. CONCLUSION

For the foregoing reasons, the Court DENIES Defendant's Motion to Dismiss with leave to reassert the Motion at trial as to Counts I and II.

SO ORDERED.