**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**FEB 19 2004**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

    Plaintiff-Appellee,

v.

KITTY E. LONGMIRE, a/k/a Kitty E. Naulls,

    Defendant-Appellant.

No. 02-1553
(D. Colo.)
(D.Ct. No. 02-CR-156-MK)

**ORDER AND JUDGMENT**[*]

Before **TACHA**, Chief Circuit Judge, **BRORBY**, Senior Circuit Judge, and **MURPHY**, Circuit Judge.

Defendant, Ms. Kitty Longmire, pled guilty to one count of misusing a social security number in violation of 42 U.S.C. § 408(a)(7)(B) and received a sentence of twenty-one months imprisonment. The district court departed upward one criminal history point from the United States Sentencing Guidelines ("the Guidelines") recommendation to arrive at the final sentence. Ms. Longmire now

---

[*] This order and judgment is not binding precedent except under the doctrines of law of the case, *res judicata* and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

appeals the district court's decision to depart upward. We exercise jurisdiction pursuant to 28 U.S.C. § 1291 and 18 U.S.C. § 3742(e). We conclude the district court properly departed upward one criminal history point and affirm.

**BACKGROUND**

Ms. Longmire's conviction stems from her misuse of two social security numbers. Ms. Longmire's state probation officer discovered this misuse and subsequently informed the Social Security Administration. When questioned by her probation officer, Ms. Longmire explained she used an alternate social security number to avoid the garnishment of her wages by the Internal Revenue Service to cover back taxes.

At the time the misuse was discovered, Ms. Longmire was serving five years probation for a felony conviction involving her use of another person's identity in order to obtain a $20,000 loan. After further investigation, the Social Security Administration concluded Ms. Longmire used the false number for approximately five years and submitted the number as her own in her employment as a case manager for various health care providers. With the false number, Ms. Longmire obtained a home equity loan, two car loans, a checking account, a line of credit, and a credit card, and accrued substantial debt therefrom.

After Ms. Longmire's home was auctioned and the home equity loan repaid, the agreed amount of restitution remaining was approximately $56,000 and the amount of total loss in excess of $70,000. Having determined the amount of the loss, the Government and Ms. Longmire tentatively agreed her offense level would be calculated at ten or twelve, pursuant to § 2B1.1 of the Guidelines, and Ms. Longmire's criminal history category would likely be III, pending final computation of her criminal history. Under the Guidelines, this level and category would result in a sentencing range of fifteen to twenty-one months. U.S.S.G. Ch. 5, Pt. A (Sentencing Table). The United States agreed to recommend a sentence of fifteen months.

Prior to sentencing, the government submitted a presentence investigation report to the district court detailing Ms. Longmire's prior criminal history. At the time of her conviction Ms. Longmire had three prior felony convictions involving money obtained by fraudulent means. The report also noted Ms. Longmire filed for bankruptcy five times, using three different social security numbers. Additionally, the report revealed an error in the parties' calculation of her offense level in their plea agreement. Specifically, the parties mistakenly considered one of Ms. Longmire's prior convictions – which was more than ten years old and outside the range for consideration under the Guidelines – in calculating her

offense level. Without this conviction, her criminal history category was reduced to II. In this corrected category, the recommended sentencing range was ten to sixteen months. In spite of Ms. Longmire's classification in category II, the report recommended the district court depart upward pursuant to § 4A1.3, arguing Ms. Longmire's criminal history category did not accurately reflect her past criminal dealings. The report based its recommendation on these circumstances: (1) two of Ms. Longmire's prior felony convictions were not considered in calculating her offense level because of their age; (2) she received only probation for her three prior felony convictions; (3) she committed two of her prior offenses while on probation; and (4) mental health counseling had been unsuccessful in abating her criminal activities. The report therefore concluded Ms. Longmire was likely to commit future crimes, unless deterred from doing so.

Subsequently, the government filed a motion for upward departure, concurring with the presentence report's conclusion an upward departure was warranted in light of Ms. Longmire's criminal history. Citing U.S.S.G. § 4A1.3, the government sought a one-point increase, which would elevate Ms. Longmire's criminal history category to III.[1] In addition to asserting Ms. Longmire's criminal

---

[1] The government's earlier agreement to recommend fifteen months in Ms. Longmire's case was available under both category II (twelve to eighteen months), and category III (fifteen to twenty-one months). *See* U.S.S.G. Ch. 5, Pt. A (Sentencing Table)

history was not accurately reflected by the proposed offense level, the government also pointed out her prior offenses all involved financial fraud. As further support for its argument, the government noted Ms. Longmire also filed for bankruptcy many times while using different social security numbers and different spellings of her name. They suggested these filings provided another indication of her predilection for committing fraud.

At sentencing, the district court concurred with the presentence report and the government's motion and granted the upward departure, ultimately sentencing Ms. Longmire to twenty-one months. In finding the departure warranted, the district court found Ms. Longmire's case to be outside the heartland of cases for defendants typically sentenced under criminal history category II. Specifically, the district court found Ms. Longmire: (1) received lenient sentences in her three prior convictions; (2) abused the bankruptcy process; and (3) was in "significant danger of recidivism" because of her lack of contrition in committing her offenses.

In general, Ms. Longmire asserts the district court erred by: (1) relying on

_____

(2000).

impermissible grounds in departing upwards; (2) failing to support these grounds with factual findings; and (3) failing to provide sufficient notice of its intent to depart upwards and its basis for departure.  On review of the record, we conclude Ms. Longmire's assertions are without merit.

**STANDARD OF REVIEW**

In 2003, Congress enacted the "Prosecutorial Remedies and Tools Against the Exploitation of Children Today Act of 2003" (PROTECT Act), altering our standard of review for district court departures from the Guidelines.  *See* Publ. L. 108-21, 117 Stat. 650 (Apr. 30, 2003) (codified as amended in scattered sections of 18, 28, and 42 U.S.C.).  Prior to its enactment, we reviewed sentencing departures by applying the four-part test pronounced in *United States v. Collins*, 122 F.3d 1297, 1302-03 (10th Cir. 1997), under an abuse of discretion standard. In light of the act's enactment, our overall test set forth in *Collins* remains unaltered.  However, our unitary abuse of discretion standard has been modified to comply with the act's amendment to 18 U.S.C. § 3742(e).  *United States v. Jones*, 332 F.3d 1294, 1299 (10th Cir.), *cert. denied*, 124 S. Ct. 457 (2003).

This new standard of review was articulated in *Jones*.  First, we determine whether the district court provided specific reasons for the departure in a written

order or judgment. *Id.* Next, under a *de novo* standard of review, we consider whether the district court relied on permissible factors in its departure decision, and whether the departure was supported by sufficient facts. *Id.* at 1299-00. Finally, we review the reasonableness of the district court's degree of departure under an abuse of discretion standard. *Id.* at 1300. We review the district court's underlying findings of fact only for clear error. *Id.* at 1300 n.9.

**DISCUSSION**

**A.  Whether the District Court Stated its Reasons for Departure with Specificity**

Under 18 U.S.C. § 3553(c)(2), a district court must set forth with specificity its reasons for departure in a written order of judgment. During the November 25, 2002 sentencing, and in its December 17, 2002 judgment, the district court stated its reasons for the upward departure from the guideline range in this case: the departure "more accurately [reflects Ms. Longmire's] criminal history and the likelihood that [she] will commit other crimes." More specifically, at sentencing, the district court determined the departure was warranted because Ms. Longmire (1) received lenient sentences of probation for her three prior felony convictions; (2) abused the bankruptcy process; and (3) exhibited a "significant danger of recidivism" because of her lack of contrition for her crimes. Thus, the district court provided its reasons for departure and,

-7-

therefore, satisfied the requirements of § 3553(c)(2).

**B. Whether the District Court's Departure was Permissible**

As previously discussed, in making its upward departure determination, the district court found Ms. Longmire's criminal history category did not accurately reflect her criminal history and a strong likelihood existed she would commit similar crimes in the future. These factors are permissible grounds for a departure and fall squarely within the purview § 4A1.3, an encouraged basis for departure. *See Collins*, 122 F.3d 1304. Section 4A1.3 of the Guidelines specifically provides "[i]f reliable information indicates that the criminal history category does not adequately reflect the seriousness of the defendant's past criminal conduct or the likelihood that the defendant will commit other crimes, the court may consider imposing a sentence departing from the otherwise applicable guideline range." All three justifications made by the district court fall squarely within § 4A1.3 and express the district court's concern for Ms. Longmire's future criminal conduct.

In explaining its decision to depart under § 4A1.3, the district court first pointed out Ms. Longmire received only probation for all three of her prior felonies for fraud-related crimes. Despite these lenient sentences, the district

court found Ms. Longmire failed to take these "opportunities to turn [her] life around." Both § 4A1.3(e) and the Commentary Background section of this provision find upward departures available where a defendant's criminal history is deemed under-represented because of prior lenient sentences, *see* § 4A1.3(e)(5); § 4A1.3, comment. backg'd (2000) ("defendants ... likely to have received repeated lenient treatment ... may actually pose a greater risk of serious recidivism."), as does case law from this circuit. *See United States v. Caldwell*, 219 F.3d 1186, 1194 (10th Cir. 2000) (noting Guidelines discuss prior lenient sentences as a permissible basis for an upward departure); *United States v. Stumpf*, 938 F.2d 172, 174 (10th Cir. 1991) (same).

Ms. Longmire mistakenly asserts the district court utilized an impermissible ground as a basis for departure. In so doing, she erroneously reframes the district court's explanation for departure simply as Ms. Longmire's receipt of probation in her prior convictions. It is clear from the record the district court was not concerned by only probation as punishment for the prior convictions, but with how these lenient sentences contributed to Ms. Longmire's attitude toward her criminal activities.[2] Specifically, the district court found her "doomed to repeat

_____

[2] We also reject Ms. Longmire's contention that only two not three prior sentences of probation should be considered, as one conviction already constituted one point in her criminal history score. While the conviction was already counted, the fact she received

-9-

the same mistakes over and over again" unless something altered her attitude. The district court further noted she had an opportunity for counseling to address her problems, but failed to attend consistently. It is clear from the record the district court's concern with the prior lenient sentences related to its finding of Ms. Longmire's cavalier attitude toward her crimes, thus making her a likely candidate for recidivism. Therefore, this explanation supports an upward departure in this case.

Next, the district court recognized Ms. Longmire's multiple bankruptcy filings as another indicator of her risk of recidivism. When considered in conjunction with her prior fraud convictions, the district court found these filings compelling evidence of the "significant disconnect between Ms. Longmire's apparent professional caring and concern and responsibility in the nursing profession and the way she treats her financial obligations." In these bankruptcy filings, the district court found Ms. Longmire used three different social security numbers and varied spellings of her name. Additionally, the district court noted her most recent filing was dismissed under 11 U.S.C. § 109(g), as abusive of the

only probation for her conviction was not. Moreover, even if the district court had considered only the two prior probation sentences, they still represent prior lenient sentences underrepresented in her criminal history and likely related to her cavalier attitude.

bankruptcy system.[3]

Again, Ms. Longmire attempts to reframe the issue by arguing the district court erroneously considered the fact she filed for bankruptcy as its basis for its upward departure decision. However, it is clear the district court pointed to the filings as only another example of Ms. Longmire's long history of illicit financial dealings, including falsifying social security numbers and varying her name. A sentencing court has "great latitude to determine the use of information presented for sentencing." *United States v. Concha*, 294 F.3d 1248, 1253 (10th Cir. 2002) (quotation marks and citation omitted), *cert. denied*, 537 U.S. 1145 (2003). Although not criminal convictions, clearly the district court correctly found Ms. Longmire's questionable bankruptcy filings further evidenced her predilection for fraud and indicated her likelihood to commit similar crimes in the future. *See e.g., Concha* 294 F.3d at 1253 (finding foreign criminal convictions and charges permissible bases for departure).

---

[3] In her brief, Ms. Longmire contends the district court misrepresented why the bankruptcy court dismissed her last bankruptcy petition, as the dismissal was merely for failure to appear and prosecute her case, and not "abusive of the bankruptcy system." However, Ms. Longmire fails to point out dismissal arose because she failed to appear or respond to the bankruptcy judge's order to show cause why her case should not be dismissed as "abusive of the bankruptcy system" after filing five bankruptcy petitions, with the last only thirteen months since her latest discharge.Accordingly, the district court did not misrepresent the dismissal.

Finally, the district court justified its departure on Ms. Longmire's lack of concern for her finances and her failure to take responsibility for her actions. As the district court specifically told Ms. Longmire, "until ... you understand why you make these choices ... you are doomed to repeat the same mistakes over and over again"; and "there is a significant danger of recidivism unless you come to terms with why you behave the way you behave." Although Ms. Longmire argues the district court impermissibly relied on her mental and emotional condition as a factor for upward departure, it is clear the district court again only cited Ms. Longmire's attitude to illustrate her likelihood to offend in the future. Having reviewed the reasoning behind the upward departure, we conclude the district court's decision is sound.

## C. Heartland Analysis

Having concluded the grounds for departure are permissible, we next consider whether the factors relied on by the district court in making its heartland determination are justified by the facts of this case. Under 18 U.S.C. § 3553(b)(1), a district court may depart if "there exists an aggravating or mitigating circumstance of a kind, or to a degree, not adequately taken into consideration by the Sentencing Commission in formulating the guidelines."

Here, the district court concluded Ms. Longmire's case was outside the heartland of social security number misuse cases based on the factors discussed above, in addition to her past history of similar offenses. All three of her prior felony convictions are fraud-related. Her first felony conviction resulted from her use of a forged check from a former employer. Her second resulted from her fraudulent deposit of another employer's check into her bank account. And her third conviction resulted from her use of another's identity to secure a loan. Ms. Longmire's history of similar crimes, in addition to the factors discussed above, are sufficient to place her outside the heartland. *See United States v. Proffit*, 304 F.3d 1001, 1012 (10th Cir. 2002) (ruling the fact defendant's past conviction was extremely similar to his present conviction and his high potential for recidivism were sufficient to justify an upward departure); *United States v. Whitehead*, 912 F.2d 448, 452 (10th Cir. 1990) (same). Ms. Longmire's contention her uncounted convictions are too few to place her outside the heartland is unconvincing as this court has set no benchmark number of past convictions required. Therefore, after review of the record, we agree with the district court that the circumstances of Ms. Longmire's case are atypical of defendants with criminal history category II and warrant a departure.

**D. Whether the Departure was Reasonable**

Finally, we examine whether the district court's departure from the applicable guideline range was reasonable. Generally, we require a district court to provide a reasoned explanation justifying the increased sentence. *Proffit*, 304 F.3d at 1012. However, where a district court satisfies the three elements discussed above, and its departure is the smallest departure possible, a detailed explanation is not required. *Id.* at 1013. Because the district court increased the departure by the smallest possible degree and satisfied the elements above, we conclude the departure in Ms. Longmire's case is reasonable, regardless of whether the district court provided a sufficiently detailed explanation.[4]

**E. Notice Requirement**

In addition to challenging the district court's grounds for departure, Ms. Longmire also contends the district court provided insufficient notice it would consider her bankruptcy filings and her inability to conform her behavior in deciding to depart upward. We conclude Ms. Longmire's contention is without merit.

---

[4] We note Ms. Longmire concedes in her brief the departure was reasonable and contests only the first three *Jones* criteria already discussed.

In *Burns v. United States*, 501 U.S. 129, 138-39 (1991), the United States Supreme Court held that before departing upward on a ground not identified in either the presentence report or in a prehearing submission by the government, a district court must "give the parties reasonable notice that it is contemplating such a ruling ... and must specifically identify the ground on which [it] is contemplating an upward departure." In practical terms, insufficient notice occurs only in the "extraordinary case in which the district court, on its own initiative and contrary to the expectations of both [parties], decides that the factual and legal predicates for a departure are satisfied." *Id.* at 135.

The presentence report and the government's motion for upward departure both provided Ms. Longmire with sufficient notice the district court might consider her prior bankruptcy filings and her inability to conform her behavior in deciding whether to depart upwards. First, with respect to her prior bankruptcy filings, the government's motion for upward departure specifically noted "[Ms. Longmire] has filed [for] bankruptcy five times using three different social security numbers" and her "bankruptcy filings indicate fraud potential based on the different social security numbers used and the number of times [she] attempted to obtain bankruptcy relief." In its motion, the government pointed to this information, along with Ms. Longmire's criminal history, to specifically

argue for an upward departure.[5]  Having received this motion, Ms. Longmire cannot argue she was not put on notice of this ground for upward departure.

Likewise, there is also mention of Ms. Longmire's inability to conform her conduct in the government's motion, as well as in the presentence report.  As the government explained, "[Ms. Longmire] has a pattern of using fraud to obtain funds illegally even though she has maintained steady employment ....  She continues in this criminal conduct even when serving a probationary sentence which included mental health treatment."  As a result, the government asserted Ms. Longmire's "past similar criminal conduct and her defiance of court orders and continued fraud and deceit call for lengthy imprisonment as the only remaining option to address punishment, deterrence, and the safety of the community."  Similarly, the presentence report also justified its advisement of an upward departure by noting Ms. Longmire had been given opportunities in the past to assist her in conforming her conduct – like mental health counseling – but failed to change her behavior.  Because this contested ground for departure was

_____

[5]  It should be noted the presentence report also mentioned her bankruptcy filings. Albeit not directly alleging misconduct, the report specifically notes Ms. Longmire's use of different social security numbers in these filings.  Further, it is clear from the report the district court requested further information concerning these filings, thus placing Ms. Longmire on notice the district court was investigating her bankruptcy filings.

readily apparent in the government's motion of upward departure and the presentence report, we conclude Ms. Longmire's claims of insufficient notice are unfounded.

**CONCLUSION**

As discussed, we conclude the district court properly departed upward grounded on the finding Ms. Longmire's criminal history does not adequately reflect the seriousness of the defendant's past criminal conduct or the likelihood the defendant will commit other crimes. Based on the facts in the record, the district court also correctly determined this case was outside the heartland of typical cases under the Guidelines. We therefore **AFFIRM** the sentence of the district court.

**Entered by the Court:**

**WADE BRORBY**
United States Circuit Judge