FILED
**United States Court of Appeals
Tenth Circuit**

**July 14, 2008**

**Elisabeth A. Shumaker
Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

      Plaintiff - Appellee,

v.

HOWARD DAVIS,

      Defendant - Appellant.

No. 08-1014
(D.C. No. 06-CR-00469-WDM-1)
(D. Colo.)

**ORDER AND JUDGMENT**[*]

Before **TACHA**, **KELLY**, and **McCONNELL**, Circuit Judges.[**]

Defendant-Appellant Howard Davis appeals his conviction on two counts of

assaulting or impeding a federal officer in violation of 18 U.S.C. §§ 111(a)(1) and

(b) arising from an altercation with two corrections officers at the United States

Penitentiary at Florence, CO on October 19, 2005. Mr. Davis was subsequently

sentenced to forty-two months' imprisonment to be served consecutively to his

---

[*] This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. It may be cited,
however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th
Cir. R. 32.1.

[**] After examining the briefs and the appellate record, this three-judge
panel has determined unanimously that oral argument would not be of material
assistance in the determination of this appeal. See Fed. R. App. P. 34(a); 10th
Cir. R. 34.1(G). The cause is therefore ordered submitted without oral argument.

current imprisonment followed by three years' supervised release, but does not challenge his sentence. Mr. Davis argues that the district court provided an incorrect self-defense jury instruction and that he should have been advised prior to testifying on his own behalf that his sentence could be enhanced for obstruction of justice under U.S.S.G. § 3C1.1 based upon his testimony, even though that enhancement was not included in the district court's calculation or consideration of his sentence. We have jurisdiction under 28 U.S.C. § 1291 and affirm.

The facts are familiar to the parties and we need not restate them here in detail. Mr. Davis claimed at trial that he was defending himself from what he reasonably perceived to be a threat of excessive force from the corrections officers. He requested the Tenth Circuit pattern jury instruction for self-defense but the district court instead provided the jury with an instruction similar to the one upheld in United States v. Jones, 254 F. App'x 711 (10th Cir. November 7, 2007) (unpublished). Mr. Davis's trial counsel simply stated: "[M]y objection to the Court's instruction is just that I tendered a self-defense instruction, and I would request that the Court give just the general Tenth Circuit pattern instruction that I tendered. So that is my objection." Aplt. App. at 119. The district court ultimately provided an instruction that included the following language: "Defendant asserts that the act for which he is charged in Counts One and Two of the Indictment were taken in self defense against the excessive use of force by a corrections' [sic] officer. An inmate has the right to self defense against the use

- 2 -

of excessive force by a corrections' [sic] officer that causes or threatens to cause serious bodily injury to the inmate." II Aplee. Supp. App. at 550. Mr. Davis also testified on his own behalf without any inquiry or warning by the district court concerning his decision to waive his Fifth Amendment rights.

A district court's refusal to give a particular jury instruction requested by a defendant is reviewed for an abuse of discretion. United States v. Moran, 503 F.3d 1135, 1146 (10th Cir. 2007). As part of that review, we "consider the instructions as a whole de novo to determine whether they accurately informed the jury of the governing law." United States v. Triana, 477 F.3d 1189, 1195 (10th Cir. 2007) (quotation omitted).

Mr. Davis contends that the instruction provided in his case contains no element (unlike the Tenth Circuit pattern instruction) which would allow the jury to consider his subjective perception of the situation. The Tenth Circuit pattern instruction Mr. Davis requested at trial for self-defense or defense of another states that

> the right to use force in such a defense is limited to using only as much force as reasonably appears to be necessary under the circumstances. To find the defendant guilty of the crime charged in the indictment, you must be convinced that the government has proved beyond a reasonable doubt . . . it was not reasonable for the defendant to think that the force he used was necessary to defend himself or another person against an immediate threat.

Aplt. App. at 15 (Defendant's Proposed Jury Instructions); 10th Cir. Crim. Pattern Instruction 1.28 (2005). It is the subjective component of allowing the jury to

find that <u>he</u> reasonably believed he was in peril, Mr. Davis asserts, that should have been included in the instructions to the jury.

We noted in <u>Jones</u> that "[w]e have not had occasion to address the application of self-defense to a charge under 18 U.S.C. § 111 involving a fight between guards and a prisoner, let alone the parameters of such a defense" and "we merely assume[d] without deciding that such a defense exists." 254 F. App'x at 717. We clearly rejected in <u>Jones</u>, which we find persuasive here, "the proposition that the ordinary rules of self-defense apply to resistance to the unlawful or excessive use of force by prison guards." <u>Id.</u> at 718. Mr. Davis only requested the Tenth Circuit pattern instruction and did not specifically request the addition of any "subjective" language to the instruction the district court ultimately provided to the jury. Aplt. App. at 15, 119. The district court's refusal to give the pattern instruction was not an abuse of discretion for, as pointed out by Mr. Davis, "this Court has already limited self defense in cases involving inmate assaults on guards 'to only those situations where the inmate reasonably fears imminent serious bodily harm or death'"—an element not included in the Tenth Circuit pattern instruction he tendered. Aplt. Br. at 13 (quoting <u>Jones</u>, 254 F. App'x at 723); <u>see</u> Aplt. App. at 15 (Defendant's Proposed Jury Instructions).

Moreover, in the absence of any plain-error argument by Mr. Davis, we refuse to consider his more specific argument (that the jury instruction lacked a subjective gloss) because Mr. Davis failed to object on this basis. <u>See</u> Fed R.

Crim. P. 30(d); <u>Jones</u>, 254 F. App'x at 716 n.3. A generalized objection to an instruction is insufficient to preserve a specific objection on appeal. <u>See</u> <u>United States v. Bornfield</u>, 184 F.3d 1144, 1146 n.2 (10th Cir. 1999).

Mr. Davis's next argument is that he should have been apprised of the possibility of his sentence being enhanced for obstruction of justice under U.S.S.G. § 3C1.1 before he took the stand. Mr. Davis did not raise this point at trial, so our review would be for plain error. <u>See</u> <u>United States v. Zuniga-Soto</u>, 527 F.3d 1110, ____ (10th Cir. 2008) (no pagination). Suffice it to say that the district court declined to apply the enhancement, Aplt. App. at 191, and Mr. Davis acknowledges that his argument may be moot. Aplt. Reply Br. at 5. We are unpersuaded that an "increased risk" faced by Mr. Davis at sentencing constitutes prejudice. Aplt. Br. at 12. The alleged error had no affect on Mr. Davis's sentence and cannot be plain error because it does not affect substantial rights. <u>See</u> <u>United States v. Darden</u>, 70 F.3d 1507, 1548 n. 17 (8th Cir. 1995) (declining to review argument that would not affect sentence).

AFFIRMED.

Entered for the Court,


Paul J. Kelly, Jr.
Circuit Judge