FILED
**United States Court of Appeals**
**Tenth Circuit**

**February 18, 2010**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

HOWARD DAVIS,

    Defendant - Appellant.

No. 09-1378
(D.C. Nos. 1:08-CV-01803-WDM and
1:06-CR-00469-WDM-1)
(D. Colo.)

**ORDER**
**DENYING CERTIFICATE OF APPEALABILITY**

Before **KELLY**, **McKAY**, and **LUCERO**, Circuit Judges.

Defendant-Appellant Howard Davis, a federal inmate appearing pro se,

seeks to appeal from the district court's denial of his 28 U.S.C. § 2255 motion to

vacate, set aside, or correct his sentence. Because Mr. Davis has not made "a

substantial showing of the denial of a constitutional right," 28 U.S.C. §

2253(c)(2), we deny his request for a certificate of appealability (COA) and in

forma pauperis (IFP) status, and we dismiss the appeal. See Slack v. McDaniel,

529 U.S. 473, 483-84 (2000).

Background

A jury convicted Mr. Davis of two counts of assaulting or impeding a

federal officer resulting in bodily injury, in violation of 18 U.S.C. § 111(a)(1) and

(b). R. 19. He was sentenced to a term of 42 months, to be served consecutively to an undischarged sentence in another case. R. 20. We affirmed his conviction on direct appeal. United States v. Davis, 284 F. App'x 564 (10th Cir. 2008). Mr. Davis then sought § 2255 relief, arguing that (1) the jury was not properly instructed on one of the elements of the offense; (2) the indictment was duplicitous; (3) special interrogatories should have been submitted to the jury because he had been charged with multiple offenses; and (4) his counsel rendered ineffective assistance by failing to raise these claims. R. 28-41; Aplt. Br. 1-2. The district court rejected each of these claims in a concise order explaining its rationale. R. 101-105.

## Discussion

To obtain a COA, Mr. Davis must make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); Miller-El v. Cockrell, 537 U.S. 322, 336 (2003). He must demonstrate that reasonable jurists would find the district court's resolution of a constitutional claim contained in his motion debatable or wrong. Slack, 529 U.S. at 484. To prevail on an ineffective assistance claim, Mr. Davis must show deficient performance by counsel and prejudice from counsel's error or omission. See Strickland v. Washington, 466 U.S. 668, 687 (1984).

The district court's resolution of the jury instruction claim is not reasonably debatable. The indictment alleged that Mr. Davis had inflicted bodily injury;

therefore, to be subject to the enhanced sentencing penalty of 18 U.S.C. § 111(b), the jury had to find that this element was established beyond a reasonable doubt. The trial transcript reflects that the district court so instructed the jury. R. 62. The jury also received a written copy of the instructions setting forth the elements of the offense, including the need to find that Mr. Davis had inflicted bodily injury on the officers. R. 79. At the close of the trial, the court reminded the jury that the instructions regarding the bodily injury element had not changed, R. 79, and the court instructed the jury as to the definition of bodily injury, R. 87.

The resolution of Mr. Davis's challenge to the indictment is likewise not reasonably debatable. An indictment is duplicitous if it charges two or more separate offenses in the same count. See United States v. Haber, 251 F.3d 881, 888 (10th Cir. 2001). Mr. Davis argues that the indictment did not differentiate between simple and non-simple assault, and so "it is impossible to know which section 111 offense the jury found Petitioner guilty of." R. 38. The indictment charged Mr. Davis with violating 18 U.S.C. § 111(a)(1) and (b). R. 5-6. Section 111 defines three separate offenses, each element of which must be charged in the indictment and proven to the jury beyond a reasonable doubt. See United States v. Hathaway, 318 F.3d 1001, 1007 (10th Cir. 2003). Thus, contrary to Mr. Davis's contention, he was charged with two counts of only one of the offenses defined in § 111—assault resulting in bodily injury. The indictment set forth the correct elements of this charge, and the verdict form clearly stated that jury found

Mr. Davis guilty of the two counts charged in the indictment. R. 5-6; R. Doc. 75 (06-cr-00469) (verdict form).

As for Mr. Davis's argument that the district court should have used a special interrogatory to determine whether the jury had found him guilty of simple assault or non-simple assault, the district court's conclusion that no such need existed is not reasonably debatable. There was no ambiguity as to what the jury found; it found Mr. Davis guilty of the elements of assault with bodily injury. The indictment did not charge simple assault, and so the jury had to find beyond a reasonable doubt all of the elements of § 111(a)(1) and (b), including bodily injury.

Because none of Mr. Davis's issues were meritorious, neither trial counsel nor appellate counsel were ineffective for failing to raise these issues. United States v. Orange, 447 F.3d 792, 797 (10th Cir. 2006) (citing Jones v. Gibson, 206 F.3d 946, 959 (2000)). Accordingly, the district court's rejection of the ineffective assistance claim is not reasonably debatable.

Accordingly, we DENY a COA and IFP status, and we DISMISS the appeal.

Entered for the Court

Paul J. Kelly, Jr.
Circuit Judge